MURRAY McCONNEL, Appellant, *v.* JAIRUS KIBBE, Appellee.

APPEAL FROM MORGAN.

In an action on the case for a nuisance, to which a plea of the statute of limitations was interposed, to which the plaintiff replied, averring that the injury resulted from a continuance of the nuisance, and within five years before suit was brought; *held,* that where suit is brought on one cause of action, to which a complete bar is presented, the plaintiff cannot by his replication set up and rely upon another cause of action for a recovery.

THIS was an action on the case for a tort, brought by

McConnel against Kibbe, charging that McConnel and Kibbe were owners of the same house, under which were two cellars, and on the first floor two store-rooms, and above them, (consisting of three additional stories,) the house was furnished and kept as a hotel. McConnel owned one cellar and Kibbe owned the other. Kibbe owned the two stores up to the middle of the first joist, and McConnel owned the hotel, being the whole house above the stores.

The charge is, that Kibbe took away the brick wall between his two stores, which was one of the principal walls of the house, and thereby let down and damaged all that part of the tavern house above his stores belonging to McConnel. McConnel brought this action against Kibbe for the consequential damage done to his part of the tenement, in the nature of an action on the case for a nuisance caused by taking away said wall, and for continuing said nuisance from year to year.

There were two trials in the court below. At the first trial McConnel obtained a verdict for $500, and the court set the verdict aside and granted a new trial. At the second trial the court instructed the jury, in substance, that the whole cause of action charged in the declaration was barred by the statute of limitations, as well the original nuisance as the continuance of it, and the principal question in the case before this court is, was said cause of action on the day the suit was brought, barred by the statute?

M. McConnel, *pro se.*

Refers to the following authorities : *Lyster* v. *Battye*, 3 Barn. & Ald. 448 ; *Fisher* v. *Pond*, 1 Hill, 672 ; 1 Starkie on Slander, 473, 474 ; *Roberts* v. *Reed*, 16 East, 215 ; Angel on Limitations, sec. 300 ; 3 Black. Com., p. 217 ; Comyn's Digest T, title Action on the Case for a Nuisance ; *Staples* v. *Spring*, 10 Mass. 72 ; *Baldwin* v. *Calkins*, 10 Wend. 177 ; *Bridleman* v. *Foulk*, 5 Wall (Penn.) R. 308 ; *Delaware et al.* v. *Lee*, 2 N. J. R. 233 ; Saunders on Pleading and Evidence, vol. 2, pp. 644, 645, 686 ; R. & M. R. 261 ; *Howell* v. *Young*, 5 B. & C. 266 ; Car. & P. 282 ; 1 Salk., p. 11 ; *Gibson* v.

*Boddington*, R. & M. 161; 2 H. Black., p. 14; Chitty on Pleading, 427, 428.

H. B. McCLURE, and D. A. SMITH, for Appellee.

WALKER, J. The first question presented, by this record, is, whether an action on the case accrues, by the continuance of a nuisance. Whether its continuance, distinct from its creation, is a cause of action. If its continuance, without reference to the original act from which the nuisance proceeds, is a grievance for which the action may be maintained, then a recovery may be had for damages growing out of its continuance, although the statute of limitations may have barred a recovery, for the original wrongful act. In this case, the original act, which it is claimed has produced the injury, was committed more than five years before the suit was instituted. But it is claimed, that the injury has been sustained within that period. And that it had been more considerable within that period than at any former time. Although the declaration counts upon the damage, growing out of the change made in the wall, yet to the plea of the statute of limitations, a replication was filed, averring, that the injury had resulted from the continuance o the nuisance, and had accrued within five years before suit was brought. A demurrer was sustained to this replication, which is assigned for error.

It is a maxim of the law, that an injury cannot be committed, without the law affords a remedy. If a recovery cannot be had for actual injuries, resulting as a consequence, long after the act has been performed, there would be no remedy. The act itself may produce no present injury, yet subsequent damage may be traced directly to, and be consequent upon, the performance of the act. In Great Britain, as well as in this country, the rule seems to be well recognized, that an action on the case for a private nuisance, such as the diversion or obstruction of a watercourse, or a private way, must be brought within the period allowed for an entry upon the land itself. It is also a rule, that the continuance of that which was originally a nuisance, is regarded as a new nuisance, and although a recovery may be barred upon the original cause

under the statute of limitations, an action on the case may be brought at any time before an entry is barred, to recover such damages as have accrued, by reason of its continuance, within the statutory period. See Angell on Lim. 325, and authorities there cited. *Staples* v. *Spring*, 10 Mass. 72; *Roberts* v. *Reed*, 16 East, 215. It then follows, that although an action for changing the condition of the wall of this building was barred, still a recovery might be had for injuries resulting from that change, within five years before a suit was brought.

The correctness of this judgment, then, depends upon whether this was an action to recover for the original act, which was barred, or for injuries resulting therefrom, within five years. The declaration in the several counts avers, that the defendant, with the intention, wrongfully and unlawfully, to injure the plaintiff, in his reversionary interest, cut away and removed a portion of the partition wall, etc., whereby that part of the tenement belonging to plaintiff, was injured and greatly damaged, broken, etc. It was also averred, that the change made in the wall occurred severally in 1851, 1852, and 1853, and at divers times since then until the commencement of the suit. It is also averred, that the wall has been and continued to be injured permanently. This does not indicate an intention to rely upon the continuance of the nuisance, but the original cause of action. This is evidently the construction put upon the declaration, by the pleader, as he attempts to new assign, or enlarge his grounds of recovery by his replication, by replying the continuance of the nuisance until the suit was brought.

The gravamen of the suit was the creation, and not the continuance, of the nuisance. It then follows, that the demurrer to the replication was properly sustained, and the modifications to plaintiff's instructions properly made, as they were in accordance with the views here presented. The practice does not allow suit to be brought on one cause of action, and when a complete bar is presented, to set up and rely upon another for a recovery. The court below committed no error in sustaining the demurrer, or in modifying the plaintiff's instructions.

The judgment must be affirmed. *Judgment affirmed.*