O. & R. V. R. R. Co. v. Standen.

OMAHA & REPUBLICAN VALLEY RAILROAD CO., PLAINTIFF IN ERROR, V. ALFRED STANDEN, DEFENDANT IN ERROR.

1   **Railroads:** NEGLIGENT CONSTRUCTION OF BRIDGE: PLEADING. Where an action is brought to recover damages for the negligent construction of a railway bridge across the Platte river, whereby it became an unlawful obstruction therein, *Held*, Under the liberal rules of construction of the code, that the petition alleged sufficient to authorize a recovery.

2.   ———: CONSTITUTIONAL LAW. The insertion of the words " or damaged " in section 21, Art. I., of the constitution of 1875, was intended to give a right of recovery which did not previously exist, and was not intended to limit or restrict any remedy previously existing.

3.   ———: ———: RIGHT OF ACTION. Where a railway bridge is so negligently constructed across a river as to form an unlawful obstruction, and become a nuisance by causing an overflow of the river, no right of action accrues to a landowner until he sustains an actual injury caused by such unlawful obstruction— as by the overflow of his lands.

4.   **Nuisance:** DAMAGES : CONTINUING NUISANCE. Where a nuisance is a continuing one, in consequence of which damages are sustained, a recovery is limited to damages which may have accrued before the action is brought, and one action is not a bar to a second action brought for damages thereafter sustained.

ERROR to the district court for Saunders county. Tried below before MARSHALL and POST, J.J.

*W. R. Kelly,* for plaintiff in error, after citing numerous cases (including *City of Elgin v. Eaton,* 83 Ill., 535. *C. & E. I. R. R. v. Loeb,* 118 Id., 203. *Hutchinson v. Parkersburg,* 25 West Va., 226. *Fowle v. N. H. & N. R. R.,* 107 Mass., 352; 112 Mass., 334. *Same v. McAley,* 11 N. E. Rep., 67. *Reardon v. San Francisco,* 66 Cal., 501. *Gottschalk v. R. R.,* 14 Neb., 550. *Penn. R. R. v. Duncan,* 111 Penn. State, 352. *Blanchard v. Kansas*

*City,* 16 Fed. Rep., 444. *Rigney v. Chicago,* 102 Ill., 67. *Harmon v. City of Omaha,* 17 Neb., 548), made the following points:

1st. In every case where, under authority of law, a public work for public use has been erected, no specific detail or plan thereof being provided therefor by law, then the plan, method, and details must be adopted by the company or corporation performing the work, and that when it has adopted and completed such work, it will be treated as a permanent structure, and the corporation held to intend to use, occupy, and enjoy such work in the manner contemplated by its character, and for the time and purpose authorized by its charter; and

2d. That, as to any and all persons whose property is not actually taken, but whose property is "damaged" or "injuriously affected" by such public work or structure, as constructed or completed, whether properly or improperly, it owes the duty and obligation, and that this duty and obligation may be enforced by such person by an action to recover such damages.

3d. That this action is one complete in itself to recover for all "damages" which the "property" in its entirety has sustained.

4th. That the measure of damages in such cases involves a comparison between the value of the property before the erection of the public work and after the completion in the manner in which it was done.

5th. That this action accrues to the owner of the property at the time of the erection of the structure.

6th. That no subsequent grantee of such owner can maintain any action for any injury to the same property, based upon the conditions or character of such structure.

7th. That this action, under the constitution, for all damages accruing to the plaintiff's property, having accrued in 1877, it is now barred by the statute of limitation.

8th. That general public policy, adopted by the people, engrafted upon the fundamental law of the state, is, that "multiplicity of suits" against corporations, private or municipal, engaged in carrying on works for public uses, shall be avoided. That all such corporations shall, once for all, on demand of an injured party, make just compensation for all damages they may inflict upon private property by an act, proper or improper, done by them in the exercise of the powers conferred upon them to construct and maintain such work.

*W. H. Munger* and *E. F. Gray*, for defendants in error.

To sum up this whole matter in a sentence, we say that defendant's bridge and approaches are legally located, and defendant has a legal right to maintain a bridge and approaches at this point, but the bridge and approaches are not properly built, and this improper construction causes gorges, overflows, and consequent damage to adjoining proprietors in the spring of the year, and therefore the bridge and approaches are unlawful—a nuisance periodically, recurring at long intervals—a nuisance in the common legal significance of the word—and by the authority of at least every well considered case upon the subject, a new cause of action accrues for each recurring damage. *Uline v. N. Y. C. R. R.*, 101 New York, 98. Gould on Waters, section 412, and cases cited. *New Salem v. Eagle Mill Co.*, 138 Mass., 8. *Union Trust Company v. Cuppy*, 26 Kan., 754. *Brown v. Cayuga & Susquehanna R. Co.*, 12 N. Y., 486. *Conhocton Stone Co. v. B., N. Y. & E. R. Co.*, 52 Barb., 390. *Beckwith v. Griswold*, 29 Barb., 291. *Duryea v. Mayer*, 26 Hun, 120, 122. *Waggoner v. Jermaine*, 3 Denio, 306. *Mahon v. N. Y. C. R. Co.*, 24 N. Y., 658. *Van Hoosier v. H. & St. J. R. Co.*, 70 Mo., 145. *Dickson v. C., R. I. & P. Ry. Co.*, 71 Mo., 575. *Bare v. Hoffman*, 79 Pa. St., 71. *Wheatley v. Chrisman*, 24 Pa.

St., 298.   *Fell v. Bennett,* 5 Atlantic Rep., 17 (Pa.)
*Cooper v. Hall,* 5 Ohio, 320.   *McElroy v. Goble,* 6
O. S., 187.   *Thayer v. Brooks,* 17 Ohio, 489.   *Delaware
& Raritan Canal Co. v. Wright,* 21 N. J. L., 469.   *Dela-
ware & Raritan Canal Co. v. Lee,* 22 N. J. L., 243.
*Prentiss v. Wood,* 132 Mass., 486.   *Staple v. Spring,* 10
Mass., 72.   *Carl v. Sheboygan & F. D. L. R. Co.,* 1 N.
W. R., 295 (Wis.)   *Ramsdale v. Foote,* 13 N. W. R., 557
(Wis.)   *Cain v. C., R. I. & P. R. Co.,* 3 N. W. R., 736
(Ia.)   *Drake v. C., R. I. & P. R. Co.,* 19 N. W. R., 215
(Ia.)

MAXWELL, CH. J.

The defendant in error brought an action against the
plaintiff to recover damages for the negligent and wrong-
ful construction of its bridge across the Platte river,
whereby it is alleged that in March, 1886, a gorge was
formed above the bridge, which threw the water of the
Platte river out of its course, over the lands of the defend-
ant in error, and thereby caused him a large amount of
damage.   The railroad company demurred to the petition
upon the grounds that the facts stated therein were not
sufficient to constitute a cause of action.   The demurrer
was overruled, and the company declining to answer, a
judgment was rendered against it for the sum of $1,000.
It now prosecutes a petition in error in this court, the
question being:   Does the petition state facts sufficient to
constitute a cause of action?

It is alleged in the petition that "the said defendant now
is, and ever since the year 1875 has been, a corporation duly
incorporated and organized under and pursuant to the laws
of the state of Nebraska, and ever since the year 1877 has
been the owner of, and engaged in running and operating,
a railroad leading from Valley station, in Douglas county,
to Lincoln, through the counties of Douglas, Saunders, and

Lancaster, in the state of Nebraska; that the plaintiff now is, and ever since the year 1882 has been, the owner in fee and in actual possession of the lands described as the south-west quarter of section six in township fifteen north, of range ten east, and the north-east quarter of the south-east quarter and north half of the south-east quarter of the south-east quarter, and lot seven, and the north twenty-six and $\frac{40}{100}$ acres of lot nine of section one of township fifteen north, of range nine east, comprising two hundred and fifty-nine acres in all, and all lying and being on the bottom land of the Platte river, and bordering on said river on the north bank thereof, in Douglas county, Nebraska; that ever since the year 1882, down to the committing of the wrongs and injuries hereinafter complained of, the plaintiff resided on said lands with his family, and erected and maintained a dwelling house, barn, stables, store-houses, corrals, feed yards, field and pasture fencing thereon, and cultivated a large portion of said lands as a farm, and on a portion forest trees grew naturally, and on a portion plaintiff maintained a meadow for hay and pasture for horses, cattle, and hogs, and carried on the business of raising, feeding, and fattening cattle and hogs, and kept many horses and large quantities of hay and grain on said lands; that plaintiff's immediate grantor of said lands, one Everett G. Ballou, had for not less than ten years immediately preceding his sale and conveyance to plaintiff of the same, owned and been in actual possession of, and resided on, said land, and cultivated, used, and maintained the business thereon, the same as the plaintiff after his ownership and occupation thereof, as aforesaid; that the plaintiff's said lands, ever since the year 1872, and as in its natural state and condition, were and have been lower than the banks of said Platte river, and as well as all the lands round about the plaintiff's said land, for many miles, were and have been, ever since the year 1872, and as in its natural state, lower than the banks of said

river; and plaintiff's said lands, and as well as the said lands round about, ever since the year 1872, and as in its natural state, were and have been liable to be overflowed by any obstruction of the natural flow of said river; that the defendant, well knowing all of the foregoing facts, and of the said conditions of said lands, and of the occupation, improvement, and business thereon maintained, as aforesaid, and against and contrary to notice and warning, did negligently, unlawfully, and wrongfully, in the month of November, 1876, commence, and by the month of July, 1877, complete and construct and erect a railroad bridge on its said line of railroad, between the counties of Douglas and Saunders, in Nebraska, over and across the said Platte river, for its exclusive use, at a point about one-quarter of a mile above the plaintiff's said lands, in a westerly direction therefrom, the said bridge being so erected and constructed as to create an unlawful obstruction in said river, and to prevent the natural flow of ice and water therein, and to cause the natural flow of ice and water in the spring of the year to gorge, back up, and overflow the banks of said river, and thereby greatly injure and damage adjoining lands and property, and especially the said lands of the plaintiff, as aforesaid, and the property thereon and business thereon maintained, as aforesaid; that by reason of the said bridge, and as well the approaches thereto, being so negligently, wrongfully, unlawfully, and improperly constructed and erected by said defendant, as aforesaid, the said bridge and its approaches, on or about the 27th day of February, 1886, did so obstruct the natural flow of ice and water in said Platte river, as to threaten an ice gorge and blockade at such point, and thereby cause the ice and water in said river to break over the north bank thereof, and to flow over the adjoining lands, and especially of the plaintiff's said lands, to the immediate injury thereof, and to the injury and destruction of the plaintiff's said property and business thereon, all of which facts de-

fendants well knew at the said time of such threatened and impending overflow and damage; that notwithstanding such knowledge, and although notified of the then condition of said river, and of the obstruction and threatened overflow as aforesaid, and warned then of the probable consequences of permitting such obstruction to remain, and then it being practicable for the defendant to have removed said obstruction, and thereby to have prevented the gorge and overflow and damage to plaintiff that followed, with little expense, within not exceeding one day's time, and before any considerable overflow was caused or any considerable damage was done, with but slight injury to said bridge; yet the defendant neglected and refused to remove said obstruction, or to make a sufficient opening in said bridge to allow the ice and water of said river to flow in the natural channel thereof; that as the direct, natural, and probable result of permitting said bridge and approaches to remain as an obstruction in said river, as aforesaid, a large ice gorge, at said last mentioned date, commenced to form at said bridge and approaches, and so did form and continue for twenty-four days, of sufficient height and strength as to completely turn the entire flow of ice and water running in said river, against, over, and through the said north bank of said river, at and above said bridge, and above the plaintiff's said lands, and to cause the said ice and water of said river to rush and flow with great force, depth, and violence, over the plaintiff's said land and the surrounding lands, for many miles in extent, and so continue for twenty-four days, and until the pressure of ice and water against said bridge broke through and carried away a portion of the same, when said ice and water immediately receded and flowed down the natural channel of said river; that by reason of said ice and water being forced over and through said north bank, as aforesaid, and the ice and water, with great force, depth, and violence, rushing and flowing over the plaintiff's said lands as afore-

said, and over the surrounding lands as aforesaid, the plaintiff's said lands, and the lands surrounding the same for many miles in extent, were inundated and overflowed for the space of twenty-four days, and thereby and in consequence of said ice gorge and obstruction, and wrongful and unlawful and improper erection and construction of said bridge and approaches, the plaintiff was greatly injured and damaged in this, to-wit: His said cultivated farm land of 125 acres was stripped of its soil over its entire extent, and the same was gullied out in places, and ridges of sand formed in places thereon, and large deposits of sand spread over the whole of it, so as that the said 125 acres, which was good farming land at the time of said overflow, was by the said overflow greatly injured and rendered unproductive, to the plaintiff's damage, in this behalf, of $625; his said meadow and pasture land of 134 acres was stripped of its soil over its entire extent, its grass killed out, its surface gullied out and ridged, and the whole covered with a deep deposit of sand, and the natural forest trees growing on a portion of said pasture land were broken down, rooted up, and destroyed, to the plaintiff's damage, in this behalf, $767.50; his fencing on said land, to the extent of 480 rods of fencing, was broken down and washed away and destroyed, to his damage, in this behalf, $720; his corn in field on his said lands, to the amount of 1,000 bushels, was washed away and destroyed, to his damage, in this behalf, $200; his hogs to the number of 20, his cattle to the number of 18, and his horses to the number of 7, were forced from their stalls, feed yards, and shelters, and exposed to cold storms, and to stand in snow, ice, and water, for twenty-four days, without regular feed and care, and greatly reduced in flesh and condition, and injured to plaintiff's damage, in this behalf, $400; his hay on said lands to the amount of 10 tons was wet and destroyed, to his damage in this behalf, $30; his labor and expense in endeavoring to save and care for said animals

and preserve his said property from the consequences of said overflow, amounted to not less than $100, to his damage in this behalf, $100; and the plaintiff, in consequence of said overflow, was otherwise put to great expense, trouble, inconvenience, and hardship, and that the plaintiff's entire losses and damages in the premises are $2,842.50. Wherefore the plaintiff prays judgment against the defendant for the sum of $2,842.50 damages, and costs."

The plaintiff in error contends that there is no sufficient allegation that the bridge was negligently constructed, and that it forms an unlawful obstruction in the Platte river. The allegations in the petition as to the negligent construction of the bridge, and that it forms an unlawful obstruction in the river, are not as definite as they might be made, but under the liberal rules of construction of the code they will be held sufficient to justify a recovery.

The plaintiff in error contends that the insertion of the words "or damaged" in section 21, Art. I. of the constitution of 1875, restricts the right of recovery to such damages as reasonably may have been anticipated at the time the structure was erected. The rule contended for was not taken into consideration by the constitutional convention in amending the section named. It is a matter of regret that the proceedings of the constitutional convention were not published, but it is a matter of unwritten public history of the state that the section above quoted was reported by the committee having it in charge without the words "or damaged" inserted therein, and the words "or damaged" were inserted in open convention, on motion of a member, to cover a class of cases not embraced in the former section, as where no property of the party injured had been taken. It was intended to furnish an additional remedy, not to curtail or restrict any right which previously existed, and the language will not warrant the narrow construction contended for. This action is brought to recover damages for a bridge alleged to be negligently and unlaw-

fully constructed by the plaintiff in error across the Platte river, so as to form an unlawful obstruction and create a nuisance. In such case there could be no recovery until actual damages had been sustained. Thus, suppose the owner of the land at the time the bridge was built had brought an action, could he have recovered for anticipated overflows? We think not. There must be actual injuries resulting from the unlawful obstruction to justify a recovery. *Miller v. Keokuk & D. M. R. R. Co.*, 16 N. W. R., 567. *Drake v. C., R. I. & P. R. R. Co.*, 19 N. W. R., 215. *Cain v. C., R. I. & P. R. R. Co.*, 3 N. W. R., 737.

But it is contended that the plaintiff below being the grantee of Ballou, who owned the land when the bridge in question was constructed, the present owner cannot, therefore, recover. This position, however, is untenable. If the bridge in question is a nuisance and unlawful obstruction in the river, then every continuance of such nuisance is a new nuisance, for which, when damages have been sustained, an action may be maintained, the recovery being limited to such damages as have accrued before the action was brought. *Beswick v. Cunden,* F. Moore, 353. Cro. Eliz., 402. *Penruddock's Case,* 5 Co. Rep., 102. 3 Bla. Com., 220. *Rosewell v. Prior,* 2 Salk., 460. *Fay v. Prentice,* 1 C. B., 828. *Bowyer v. Cook,* 4 Id., 236. *Holmes v. Wilson,* 10 Ad. & El., 503. *Thompson v. Gibson,* 7 M. & W., 456. *McConnel v. Kibbe,* 29 Ill., 483. *S. C.,* 33 Id., 175. *Staple v. Spring,* 10 Mass., 72. *Hodges v. Hodges,* 5 Met., 205. *Baldwin v. Calkins,* 10 Wend., 167. *Beidelman v. Faulk,* 5 Watts, 308. *Blunt v. Mc-Cormick,* 3 Denio, 283. *Cumberland, etc., Corp. v. Hitchings,* 65 Me., 140. *Thayer v. Brooks,* 17 Ohio, 489. *Beach v. Crain,* 2 N. Y., 86. 1 Sutherland Damages, 202. Gould on Waters, sec. 387.

It is said, however, that one recovery will bar a future action. This, in many cases, no doubt, is true, as if a railroad had been constructed along a street in front of the

plaintiff's property, whereby he sustained damages, one recovery would bar a future action for the same injury. But where damages result from a continuing nuisance a different rule applies, and a recovery may be had for each injury as it occurs. There was no error, therefore, in overruling the demurrer, and the judgment of the court below is affirmed.

JUDGMENT AFFIRMED.

REESE, J., concurs.

COBB, J., dissenting.

I cannot concur in the conclusion of the majority of the court, or the reasoning of the chief justice by which it is reached. The case of *O. & R. V. R. R. Co. v. Brown*, 14 Neb., 170, was an action for damages alleged to have been caused by the same bridge involved in the case at bar, in the spring of 1881. In that case the trial court instructed the jury: "That, notwithstanding the fact that the railroad company, when it constructed its bridge, did so in a prudent manner, according to the best information it could obtain at the time of its construction, yet, if it subsequently appeared that its construction was such that damages would result from the gorging of ice against the bridge, and that damages would result to the plaintiff and other property-holders in the vicinity of the bridge by reason of the overflow of ice and water in consequence of said gorge, and the defendant had time and opportunity and means, by a reasonable effort on its part in that behalf, to avoid or prevent such damages, it was its duty so to do, and it was required to use all such reasonable effort to avert such damages, and, if it failed so to do, it is liable to plaintiff for the damages sustained by him as resulted directly from such failure." This court held the above instruction to be erroneous, and for that reason reversed the judgment of the district court.

As I understand the petition in the case at bar, the *gravamen* of the charge against the railroad company is not the unskillful or negligent manner in which it built the bridge, but its negligence in failing 'to remove it or change its construction when the ice gorge was threatened, and it was notified thereof. If I am correct in this, and the instruction in the case above cited was wrong, and this court justified in so holding, then the petition in the case at bar fails to state a cause of action.

But if it was the object of the pleader to attack the original construction of the bridge, I do not think the petition sufficiently intelligible as to whether it seeks to charge the railroad company with negligence in building a bridge at the point where they did, or in building the kind of a bridge which they did.

The majority of the court, I think, understand the petition to charge the railroad company with keeping and maintaining a nuisance in the bridge in question. Of course, no one will contend that a railroad bridge across the Platte river, at or near the site of this one, is a nuisance *per se*, or that it is not a great public necessity. Accordingly, I think that if it was the object of the pleader to charge the railroad company with the erection of a bridge in such a negligent and faulty manner as to be a nuisance, the petition should state by what fault of construction, which in the nature of things could have been avoided, the bridge became a nuisance. My own view is, that if in planning and constructing the said bridge, the railroad company brought to its execution the engineering knowledge and skill ordinarily practiced in such works, and such knowledge and skill were practically applied to the building of said bridge, if the property of any person was damaged, or became liable to damage, so that its value was depreciated by reason of the erection of such bridge, the case comes within the provision of the constitution referred to in the opinion of the chief justice; that such damage should

be compensated once for all, and that such bridge is not a nuisance. And I think that the burden of pleading, at least, was upon the plaintiff below, to show that the said bridge did not come within the above terms.