Syllabus.

# THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY

*v.*

# WILLIAM SCHAFFER.

### *Filed at Springfield March 28, 1888.*

1. FORMER RECOVERY — *after-accruing damages* — *whether a further action may be brought* — *of continuing a nuisance.* Where a railway company, under authority of law, properly constructs a bridge over a watercourse, and suit is brought by the land owner for damages thereby caused to his property, and a judgment is recovered and paid, it will be regarded as in full for all future as well as past damages, and a bar to a second suit for subsequent damages arising from the same cause.

2. But when the bridge is imperfectly and improperly built, so as to prevent the free passage of the water, and thereby damages the lands above, a judgment for the damages caused by the creation of a nuisance by means of such bridge, will not be a bar to any subsequent action for damages caused by its continuance in such bad condition. In such case, the party injured is not bound to assume that the imperfect structure will be a permanent one. He has a right to regard the nuisance as of a transient character, and instead of bringing one action for the whole injury to the value of his property, resulting from the original construction of the nuisance, he may sue for the amount of such injury as he suffers from its continuance.

3. So a party injured thereby may maintain an action against another for the creation of a nuisance, and a subsequent action for its continuance. The continuance of that which was originally a nuisance, is regarded as a new nuisance, and although a recovery may be barred upon the original cause, an action on the case may be brought at any time before an entry is barred, to recover such damages as have accrued by reason of its continuance, within the statutory period.

4. If, however, a land owner treats a defective structure as a railroad bridge across a stream of water, which causes his land to be overflowed and otherwise injured, as a permanent source of injury, and recovers the full amount of damages, both present and prospective, which his property sustains or may sustain by reason of such structure, he will be estopped from bringing a second action for subsequent damages.

5. SAME — *identifying prior cause of action with that of the subsequent suit.* Where a judgment is shown by way of bar to a subsequent suit, whether by pleading or in evidence, it is competent for the plaintiff to reply that the prior suit did not relate to the same property or transaction in controversy in the action in which the judgment is set up in bar, and the question of identity thus raised is to be determined upon the evidence adduced.

6.   And in such case, if the face of the record does not show the full and true state of the controversy and the matters investigated in the prior suit, parol evidence is proper to supply what is not shown, but not to contradict the record.

7.   Appeal—*in case of certificate of importance—what questions may be considered.*   Where a case is taken by appeal from the Appellate Court to the Supreme Court on the certificate of importance, etc., this court will not be confined to the consideration of the particular question specified in the certificate, but may consider any and all questions of law arising upon .the record.

Appeal from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Adams county; the Hon. William Marsh, Judge, presiding.

Mr. J. F. Carrott, and Mr. O. F. Price, for the appellant:

The defendant company, under the law, was only required to construct the bridge with such care and skill as to make it sufficient.for all ordinary floods and freshets. *Railroad Co.* v. *Gillilan,* 56 Pa. St. 445; *Norris* v. *Railroad Co.* 28 Vt. 99; *Henry* v. *Railroad Co.* 30 id. 638; *Sprague* v. *Worcester,* 13 Gray, 193; *Smith* v. *Canal Co.* 2 Allen, 355; *Town of China* v. *Southwick,* 12 Maine, 238; *Sawler* v. *Boom Co.* 56 id. 443.

When the structure or injury is permanent in its nature, the injured party may recover damages, past, present and future, and a judgment in such a case is a bar to any suit for subsequent damages.   *Fowle* v. *Railroad Co.* 112 Mass. 334; *Warner* v. *Bacon,* 8 Gray, 397; *Wheeler* v. *Worcester,* 10 Allen, 591; *Troy* v. *Railroad Co.* 3 Foster, (23 N. H,) 83; *Stodghill* v. *Railroad Co.* 53 Iowa, 341; *Hahn* v. *Miller,* 68 id. 745; Freeman on Judgments, sec. 259; 1 Sutherland on Damages, 175; *Whiting* v. *Clarendon,* 18 Vt. 252; *Hodsell* v. *Strallebrasse,* 11 A. & E. 301; *Railroad Co.* v. *Carey,* 90 Ill. 514; *Railroad Co.* v. *Maher,* 91 id. 312; *Powers* v. *Council Bluffs,* 45 Iowa, 657; *Railroad Co.* v. *Loeb,* 118 Ill. 209; *Railroad Co.* v. *Mihlman,* 17 Kan. 224; *Gas Co.* v. *Graham,* 28 Ill. 73; *Gas Co.* v. *Howell,* 92 id. 19; *Railroad Co.* v. *Grabill,*

50 id. 242; *Cooper* v. *Randall,* 59 id. 321; *Railroad Co.* v. *McAuley,* 121 id. 165.

Mr. Freeman thus states this rule very clearly and forcibly: "All the damages which can, by any possibility, result from a single tort, form an indivisible cause of action." And the same author further says: "For damages alone no action can be permitted. Hence, if a recovery has once been had for the unlawful act, no subsequent suit can be maintained." · Freeman on Judgments, sec. 241; *Cadle* v. *Railroad Co.* 44 Iowa, 11; *Powers* v. *Council Bluffs,* 45 id. 652; *Stodghill* v. *Railroad Co.* 53 id. 341; *Hahn* v. *Miller,* 68 id. 745; *Troy* v. *Railroad Co.* 3 Foster, (23 N. H.) 83; *Fowle* v. *Railroad Co.* 112 Mass. 334; *Railroad Co.* v. *Grabill,* 50 Ill. 241; *Railroad Co.* v. *Carey,* 90 id. 514; *Railroad Co.* v. *Maher,* 91 id. 312; *Dutton* v. *Shaw,* 35 Mich. 431.

A former judgment, when admissible under the general issue, is as conclusive as if specially pleaded. *Young* v. *Rummell,* 2 Hill, 478; *Offertt* v. *Johns,* 8 Mo. 120; *Whitney* v. *Clarendon,* 18 Vt. 252; 1 Greenleaf on Evidence, sec. 531; *Vanlandingham* v. *Ryan,* 17 Ill. 28; *Jones* v. *Weatherbee,* 4 Strobh. L. 50; *Gray* v. *Gillilan,* 15 Ill. 455.

Messrs. CARTER &. GOVERT, for the appellee:

When an obstruction is illegal it will not be presumed to be permanent, and in an action for its erection and maintenance the plaintiff may recover for the damages up to the time of bringing suit, and this will be no bar to future actions for further injuries. *Railroad Co.* v. *McAuley,* 121 Ill. 160; *Railroad Co.* v. *Loeb,* 118 id. 203; *Railroad Co.* v. *Maher,* 91 id. 312; *Railroad Co.* v. *Allen,* 39 id. 205; *Railroad Co.* v. *Grabill,* 50 id. 242.

The statute giving the right to cross streams of water, requires the company to restore the stream to its former state, or so as to leave its usefulness unimpaired. This makes it necessary to have the channel as free and unobstructed as it

was before. *Billinger* v. *Railroad Co.* 23 N. Y. 32; *Railroad Co.* v. *Moffitt*, 75 Ill. 524.

In building bridges and culverts, railway companies are bound to anticipate and provide against "not only the natural rise and fall of the waters during the year, but also the floods and freshets which occur annually, or at longer periods or intervals, if regular, and which, from having been known to occur, might reasonably be expected to occur again." *Bochardt* v. *Boom Co.* 54 Wis. 107; *Mayer* v. *Bailey*, 2 Denio, 433; *Gray* v. *Harris*, 107 Mass. 492; *Railroad Co.* v. *Carr*, 38 Ohio St. 448; *Hoffman* v. *Water Co.* 10 Cal. 413; Gould on Waters, 497.

The rule in reference to acts amounting to a nuisance is, that every continuance is a new nuisance, for which a fresh action will lie; so that, although an action for the damage from the original nuisance may be barred, damages are recoverable for the six years preceding the bringing of the action, provided such a period of time has not elapsed that the person maintaining it has acquired a presumptive right to do so. *McConnel* v. *Kibbe*, 29 Ill. 483; *Holmes* v. *Wilson*, 10 A. & E. 503; *Bowyer* v. *Clark*, 4 C. B. 236; *Benomi* v. *Blackhouse*, 1 El., B. & E. 622; *Whitehouse* v. *Fellows*, 10 C. B. (N. Y.) 765; *Plumer* v. *Harper*, 3 N. H. 88; *Polly* v. *McCall*, 37 Ala. 20.

When the extent of a wrong may be apportioned, from time to time, and does not go to the entire destruction of the estate, or its beneficial use, separate actions not only may, but must, be brought to recover the damages sustained. Wood on Nuisance, secs. 869, 865.

The owner of the overflowed land may maintain successive actions when, as in the case of the destruction of crops from year to year, the wrong does not involve the destruction of the entire estate or its beneficial use; but recovery in a single suit, for any unauthorized use of the stream, is a bar to a subsequent action, where, as in the case of a permanent and complete deprivation of the use of the land, or of the water of the

stream, the injury is of a permanent character, and goes to the entire value of the estate.    Gould on Waters.

When the successive actions lie, the Statute of Limitations is not a bar to an action for the continued flooding of land, within the statutory period, although the first flowage may be barred.    *Spilman* v. *Navigation Co.* 74 N. C. 675.

A recovery for erecting a nuisance bars another action for the erection, but not other actions for the continuance of the nuisance.    *Hodges* v. *Hodges,* 5 Metc. 205 ; *Staple* v. *Spring,* 10 Mass. 72.

When a stream was obstructed wrongfully, and several years later this act caused the plaintiff's land to be overflowed, it was held that the Statute of Limitations ran only from the later event.    *Devery* v. *Canal Co.* Irish R. 9 C. L. 194 ; Gould on Waters, sec. 210.

In actions for injury to land by throwing back water upon it, and nuisances, only the damages actually accrued before action brought can be recovered, and any further damage must be recovered in a separate action when it actually accrues. *Waggoner* v. *Jermaine,* 3 Denio, 306 ; *Baldwin* v. *Calkins,* 5 Wend. 167 ; *Philipp* v. *Terry,* 42 N. Y. 313 ; *Whitemore* v. *Bischoff,* 5 Hun, 176 ; *Duryea* v. *Mayor,* 26 id. 120 ; *Beckwith* v. *Griswold,* 29 Barb. 291 ; *Thayer* v. *Brooks,* 17 Ohio, 489 ; *Polly* v. *McCall,* 1 Ala. Sel. Cas. 246 ; 37 Ala. 20 ; *Stein* v. *Burden,* 24 id. 130 ; *Canal Co.* v. *Bourquin,* 51 Ga. 378 ; 1 Hayw. (N. C.) 248 ; *Carruthers* v. *Tillman,* id. 501 ; *Bradley* v. *Amis,* 2 id. 399 ; *Shaw* v. *Etheridge,* 3 Jones, (N. C.) 300 ; *Burnett* v. *Nicholson,* 86 N. C. 99 ; *Duncan* v. *Markley,* 1 Harper, (S. C.) 276 ; *Langford* v. *Owsley,* 2 Bibb, (Ky.) 215 ; *Cobb* v. *Smith,* 38 Wis. 21 ; *Hazeltine* v. *Case,* 46 id. 391 ; *Dorman* v. *Ames,* 12 Minn. 451 ; *McConnel* v. *Kibbe,* 29 Ill. 483 ; *Clark* v. *Mining Co.* 6 Nev. 203.    Also, to the Statute of Limitations. See *Sutton* v. *Clarke,* 6 Taunt. 29.

Mr. Justice Magruder delivered the opinion of the Court:

This is an action of case, begun on September 22, 1885, by the appellee against the appellant company, in the circuit court of Adams county, to recover damages for obstructing the natural flow of water in a certain water-course, called "Harkness Branch," by maintaining a certain railroad bridge over said branch, so as thereby to throw the water upon plaintiff's land and injure the same and the growing crops thereon. Pleas of the general issue, Statute of Limitations and leave and license were filed to the declaration. There was no special plea setting up the judgment hereinafter named as a bar. The trial resulted in verdict for $500 in favor of plaintiff and judgment thereon, which judgment has been affirmed by the Appellate Court.

On October 8, 1883, William Schaffer, the present appellee, brought against the Chicago, Burlington and Quincy Railroad Company, the present appellant, a suit for damages, resulting from the overflow of water in this same branch, alleged to have been caused by constructing and maintaining this same bridge, which suit resulted in a verdict for $600 in favor of Schaffer, and a judgment upon said verdict rendered on May 5, 1884. The amount of this former judgment was paid to appellee by the railroad company on July 17, 1885.

Upon the trial of the present suit the railroad company introduced in evidence the record of the former suit, including the *præcipe*, summons, pleadings, verdict, judgment and Schaffer's receipt for the amount of the judgment, and claimed that the verdict and judgment in such former suit constituted a bar to any recovery in this suit.

The certificate of the judges of the Appellate Court, by reason of which the case is brought before us, certifies, that, in their opinion, "this case involves a question of law of such importance, on account of principal interests, as that it should be passed upon by the Supreme Court, that is, whether the former judgment between the parties is a bar to the present

action, it appearing from the evidence that the structure complained of was imperfectly built, and that there was negligence in the mode of the construction of said bridge."

While this court can not be confined to the consideration of a particular question that is specified in the certificate of importance, but, after the granting of such certificate, may consider any question of law properly arising upon the record, yet the only question, which we deem it necessary to discuss in the case at bar, is whether or not the judgment in the former suit between these same parties is conclusive of the issue in the present suit, it being admitted by the counsel for appellant, in their brief, that this is "the main question and the real bone of contention between the parties in this case."

That this bridge was improperly constructed so as to obstruct the free passage of the water in "Harkness branch" is a question of fact, which is settled by the judgment of the Appellate Court. The bridge was built upon piles and was not a truss bridge such as might have been built so as to leave the stream unobstructed. The piles were set at an angle to the current of the stream and not in line with the current. The caps upon the piling were set obliquely to the line of the stream. The piles were from one foot to fourteen inches in diameter and about five feet apart. The timbers of the bridge, the caps, rails, ties and stringers were so arranged as to largely reduce the space for the water to pass under the bridge. The results of all these defects were, that brush, logs and other drift could not pass through without obstruction and were caught and held; that the channel of the branch filled up with gravel, sand and sediment under the bridge and for some distance east and west of it, thereby lessening the depth of the channel; and that, in times of freshets, the water would be deflected from its natural course and would overflow upon the land of plaintiff and other adjoining owners.

Appellant claims, that the injury resulting from the construction of the bridge was a permanent one and depreciated

the value of appellee's land, and, consequently, that all damages for past and future injury to the property either were or might have been sued .for and recovered in the former suit, and that such former recovery is a bar to any further prosecution for the injury resulting from the erection and continuance of the nuisance. In other words, appellant invokes the aid of the doctrine laid down by this court in *Chicago and Eastern Illinois Railroad Co.* v. *Loeb,* 118 Ill. 203, and in other cases therein referred to. But the "doctrine as to entireness of recovery in one action where the cause of injury is of a permanent kind," is "limited to the case of a railroad built under authority of law and in a reasonably proper and skillful manner so as to avoid the infliction of all loss and injury not necessarily resulting from thus building and operating the road." (*Ohio and Mississippi Railway Co.* v. *Wachter,* 123 Ill. 440.) In the case at bar, the bridge was not built "in a reasonably proper and skillful manner," and the loss and injury have resulted from its improper construction.

We said in the *Wachter case:* "This court has never held, nor is it prepared to hold, that a railroad company is not liable for damages resulting from its negligence either in the construction, maintenance or operation of its road.  *  *  * Public health and convenience as well as the positive law of the State alike demand that railways leading over natural streams and drains should, by means of efficient and substantial culverts or otherwise, be so constructed as to admit the escape of accumulating waters through them in times of high water as well as low." In the case at bar, the proof tends to show that, before the erection of the bridge complained of, the water in Harkness branch did not overflow its natural banks even in time of high water at the point where it passed appellee's land.

Appellant's right of way crossed the branch. The construction of a bridge over the branch was necessary to the operation of appellant's road. If the bridge had been properly built,

whatever injury it may have caused to appellee's land would have been the necessary result of the existence of a necessary public improvement and would have been permanent in its character. The effect of the construction of the bridge upon the value of the land could be estimated at once, and it would answer all just purposes to allow but one action for the recovery of all damages.

But where the bridge has been imperfectly built and there has been negligence in the mode of its construction, the party, whose property is damaged, is not bound to assume that the structure will be a permanent one. To indulge in such assumption would be to take it for granted, that the railroad company, having done a wrong, intended to continue in such wrongdoing.

Undoubtedly, if the injured party treats the defective structure as a permanent source of injury and recovers the full amount of damages, both present and prospective, which his property sustains or may sustain by reason of such defective structure, he will be estopped from bringing a second action for damages. But where the railroad company has, as in this case, built an imperfect and faulty bridge over a stream of water crossing its right of way, a party suffering damage therefrom has a right to regard the nuisance as of a transient character, and, instead of bringing one action for the whole injury to the value of his property resulting from the original construction of the nuisance, he may sue for the amount of such injury as he suffers from its continuance. *McConnel* v. *Kibbe,* 29 Ill. 483.

The question then arises whether or not the record of a former recovery, introduced in evidence by appellant, showed a recovery for all the damages, present and prospective, which appellee's property had suffered or might suffer from the erection and maintenance of the bridge.

The pleadings in the former suit do not present precisely the same issue as is presented by the pleadings in the present

suit. The second count of the declaration in the latter suit alleges that the defendant "did to-wit: on May 1, 1884, etc., wrongfully maintain and continue a certain obstruction, etc., being duly requested to remove said wrongfully constructed obstruction to the free running and flowing of the water in said stream." This count claims damages for the *continuance* of the nuisance. There was no such count in the declaration in the former suit. An action may be maintained for the creation of a nuisance, and a subsequent action may be maintained for its continuance. The continuance of that which was originally a nuisance is regarded as a new nuisance, and, although a recovery may be barred upon the original cause, an action on the case may be brought at any time before an entry is barred, to recover such damages as have accrued, by reason of its continuance, within the statutory period. *McConnel* v. *Kibbe*, 29 Ill. 483.

An examination of the declarations in the former and in the present suit leaves it doubtful whether the subject matter involved in the latter was actually passed upon in the former, and, hence, it was proper to receive parol evidence to show the truth. Where a former recovery is relied on as a bar, parol evidence, not contradictory of the record, may, in case of such doubt, be introduced to show what was included within and investigated on the trial of the issue. If the face of the record does not show the full and true state of the controversy and the matters investigated, parol evidence must be admitted to supply what is not shown. (*Vanlandingham* v. *Ryan*, 17 Ill. 25; *Barger* v. *Hobbs*, 67 id. 592.) Greenleaf on Evidence, vol. 1, sec. 532, (14th ed.) says: "When a former judgment is shown by way of bar, whether by pleading or in evidence, it is competent for the plaintiff to reply, that it did not relate to the same property or transaction in controversy in the action to which it is set up in bar, and the question of identity thus raised is to be determined by the jury upon the evidence adduced."

The evidence introduced upon the trial of this case tends strongly to show, and, indeed, seems to be undisputed by the appellant, that the damages recovered in the former suit were such as resulted from an overflow of water occurring *before the beginning of such suit,* and from injuries to crops *then* growing upon appellee's land, and from injuries to about *five acres* of said land caused by the deposit thereon of drift, gravel, dirt, sand and stone; while the injuries, which form the basis of the present recovery, have been caused by overflows occurring *since the institution of the former suit,* resulting in the deposit of sand, stone, gravel, etc., upon *nine acres* of land, which do not include the five acres above mentioned, and resulting in the destruction of crops planted *since the former suit was begun.*

It follows, that, by the recovery of the present judgment, appellant is not required to pay the same damages twice.

The views herein expressed dispose of the various objections made by counsel for appellant to the instructions and to the introduction of evidence.

Some proof was introduced upon the trial below, which tends to show that fourteen acres of appellee's land were damaged by the floods of 1884 and 1885, and that such fourteen acres included the five acres, for the damage to which a recovery was had in the first suit. But the jury were sufficiently warned by the instructions, given for both appellant and appellee, against allowing any damages for injuries which formed the subject matter of the former recovery. The first instruction, given for the plaintiff, after directing the jury as to the assessment of damages, closes with the words: "Not including, however, any damages *recovered* in the first suit, the judgment in which is in evidence before the jury." The second instruction given for plaintiff closes with the words: "Not including any damages *recovered or claimed* in the former suit mentioned in the evidence." The fifth instruction given for the plaintiff contains the following sentence: "And the jury are instructed not to allow said plaintiff anything for or on

account of damages done to his close, premises or crops on or prior to the 8th day of October, A. D. 1883." The eighteenth instruction given for defendant told the jury, "that the record of the former action * * * is conclusive against the plaintiff in this action as to all matters which were put in issue or offered in evidence on the first trial;" and the nineteenth instruction given for defendant stated, that such record was conclusive as to all matters, which were put in issue on the trial of the former case, "no matter whether said Schaffer recovered all he claimed in such suit or not." The twentieth instruction given for defendant, which was prepared and asked for by defendant's counsel, is as follows: "The court further instructs the jury, as a matter of law, that for damages accruing after a judgment in a former action between the same parties and arising out of the same cause, or resulting from one and the same injury, an action will not lie."

We perceive no such error in the record as would justify us in a reversal of the judgment. The judgment of the Appellate Court is accordingly affirmed.

*Judgment affirmed.*