## FREDERICK LANGFELDT
### v.
## MARY McGRATH.

*Trespass—Overhanging Wall—Limitations—Nuisance—Continuance—Real Property—Damages.*

1. The doctrine of entireness of recovery in one action for injuries of a permanent kind, is limited to cases where the damage is caused by public improvements under authority of law, the construction thereof being done in a reasonably proper and skillful manner, so as to avoid all unnecessary loss and injury.

2. Where improvements have been imperfectly built, and there has been negligence in the mode of their construction, the person whose property has been injured thereby need not assume that the injury is a permanent one.

3. An act which the law allows, if done in a proper manner is not a nuisance, although damages may be recovered therefor as in certain cases of permanent injury, while an act done in defiance of the law, which naturally and necessarily injures the property of another must be looked upon as such.

4. A wall so built as to overhang the property of another is a nuisance for which an action may be maintained.

Langfeldt v. McGrath.

5.  In such case the damages must be limited to the time of commencing the suit, and the measure thereof to such injury to the value of the use and occupation, as may have accrued after the acquirement of title and before the bringing of suit.

6.  In the case presented, this court holds that the measure of damages is the difference betweeen what the value of the use and occupation of the land in question would have been during the period named, had the wall not overhung the same, and what it was as the wall actually stood.

7.  In such cases there can be no recovery for any time anterior to the plaintiff's right of possession.

[Opinion filed May 29, 1889.]

Appeal from the Superior Court of Cook County; the Hon. John P. Altgeld, Judge, presiding.

Mr. John T. Richards, for appellant.

Mr. William J. English, for appellee.

Garnett, P. J.    In 1882 appellant was the owner of a lot on Archer avenue in Chicago, which was west of and adjoining another lot then in possession of appellee's husband.    A brick building was erected by appellant on his lot, the east wall thereof being completed in February of that year.    That wall was not true, but to some extent overhung the lot in McGrath's possession.    About January 1, 1886, McGrath died, and later in that year his widow, appellee, made preparations to put up a four-story brick building on the lot of which her husband had been in his lifetime in possession. Her architect then discovered that appellant's wall was not plumb, and he thought it necessary to reduce the building to three stories, which he then determined to do, and which was accordingly done.    In the progress of building she found the overhanging of appellant's wall had increased after she began the work on her house, and this made some change in her west wall necessary, but she actually built such foundations and walls (excepting a part of her west wall) as were necessary for a four-story building, although they were much more expensive than a three-story building required.    This

action was originally in ejectment, having been commenced by appellee against appellant, May 7, 1887, but by consent of the parties was changed to an action of trespass on the case, and the declaration charges appellant with wrongfully building his said wall overhanging the premises of appellee, so as to make the latter unsafe and dangerous, and to prevent her from erecting proper and suitable buildings thereon, and that her possession and enjoyment have been greatly damaged and injured, and she has been deprived of great gains from the use of her premises.

The defense was that the injury was permanent, and having been committed in the lifetime of Michael McGrath and before appellee acquired title, the right of action was in him alone and could not be assigned, and that if it could be assigned the original cause of action was barred by the five-year statute of limitation. A verdict for $575 was found for appellee, and judgment thereon having been rendered the defendant appealed. There appears to be a distinction between injuries permanent in their nature, which are authorized by law, and those which are wrongful and without legal sanction. The doctrine of entireness of recovery in one action for injuries of a permanent kind is limited to cases where the damage is caused by public improvements under authority of law, the construction thereof being done in a reasonably proper and skillful manner, so as to avoid all unnecessary loss and injury. O. & M. Ry. Co. v. Wachter, 123 Ill. 440.

But when the improvement, such as a bridge, has been imperfectly built, and there has been negligence in the mode of its construction, the party whose property is damaged is not bound to assume that the structure will be a permanent one. To indulge in such assumption would be to take it for granted that the party building, having done a wrong, intended to continue in such wrong doing. C., B. & Q. R. R. Co. v. Shaffer, 124 Ill. 112.

An act which the law allows, if done in a proper manner, can not be considered a nuisance (C. & E. I. R. R. Co. v. Loeb, 118 Ill. 203), although damages may be recovered therefor, as in the common case of permanent injury by the opera-

tion of railroads to premises adjoining their right of way; but an act committed in defiance of law, which naturally and necessarily injures the property of another, as in the case at bar, is a nuisance. "An action may be maintained for the creation of a nuisance, and a subsequent action may be maintained for its continuance. The continuance of that which was originally a nuisance is regarded as a new nuisance, and although a recovery may be barred upon the original cause, an action on the case may be brought at any time before an entry is barred, to recover such damages as have accrued by reason of its continuance within the statutory period." C., B. & Q. R. R. Co. v. Shaffer, *supra*. Even if appellee might have treated the injury as permanent (C. & E. I. R. R. Co. v. Loeb, *supra*) we do not understand that she has so elected. On the contrary she seeks to recover damages for the continuance of the wrong. There can be no doubt that the overhanging wall was a nuisance, for which an action was maintainable, (Cooley on Torts, 567,) and appellee was therefore entitled to recover. The basis of her recovery in the trial court, was, however, unwarranted. The theory of the court as shown by the admission of evidence over the objection of appellee, was, that she might recover the value of the fourth story of the proposed building, over the cost thereof, and the difference in the expense between the walls and foundations for a four-story and a three-story house. Following that measure of damages appellant's liability would depend on the contract which appellee had made for the improvement of her property; that is, if she had agreed to build a fourteen-story house, the damages would be very large; but if her contract was only for a small one-story building on the easterly side of her lot, remote from appellant's wall, the damages might be merely nominal. The making of her contract was unknown to appellant and entirely beyond his control. Yet by the rule adopted in ascertaining the damages, if the contract had been for a fourteen-story building, he might have been held to pay the value of appellee's lot, and at the same time she remain the owner of it. What is the true measure of damages? If the suit was for condemnation of that part

of the lot overhung by the wall the limit of compensation would be the market value of the land to be taken, and such damage as the remainder of the land would suffer on account of the taking. In that case the injury would be treated as permanent. But in the case presented by this record there can be no recovery for permanent injury. The damages must be limited to the time of commencing the suit, and the measure thereof to such injury to the value of the use and occupation, as may have accrued to plaintiff's lot after she acquired her title and before she brought suit. The first question will be, what was the value of the use and occupation, during the period named, if appellant's wall had not overhung any part of appellee's lot? And next, what was the value of the use and occupation, during the same period, with appellant's wall as it actually stood? The difference is the measure of damages. Francis v. Schoellkoff, 53 N. Y. 152.

In conclusion it should be said, we have assumed that appellee had the right of possession of the lot she claims from a period prior to the beginning of her improvement, but there is no satisfactory evidence in the record that she had either possession or right of possession before that time. She certainly can not recover damages for any time anterior to her right of possession.

For the error in admitting the evidence referred to the judgment is reversed and the cause remanded.

*Reversed and remanded.*