OHIO, INDIANA & WESTERN RAILWAY COMPANY

v.

EDA B. DOOLEY.

*Railroads—Flowage—Insufficiency of Culverts—Right of Way.*

1. In an action against a railroad company to recover for the overflow of plaintiff's lands, alleged to be due to insufficient culverts through defendant's embankment, it is *held*: That the mere ownership of the right of way by the defendant constituted no defense; that the right to build and operate the road carried with it the duty skillfully to construct; and that for injury caused by faulty construction the remedy is clear and may be applied as often as injury occurs.

O., I. & W. R. R. Co. v. Dooley.

2. In the case presented, this court holds that the admission of evidence as to the increased flow of water from tile drainage, for which defendant was not bound to provide outlet, was not reversible error, the jury having been clearly and correctly instructed, and the special findings showing that they followed the instructions given.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. C. W. FAIRBANK and FRANK Y. HAMILTON, for appellant.

In the condemnation of land for [railway purposes, the assessment made embraces damages of every kind naturally consequent to the use for which the land is taken, unless negligence in the construction is shown. Furniss v. H. R. V. R. R. Co., 5 Sanford (N. Y.), 551; C., R. I. & P. R. R. Co. v. Carey, 90 Ill. 514; City of Chicago v. Rumsey, 87 Ill. 348; Rigney v. City of Chicago, 102 Ill. 64, and cases therein cited; Waterman v. O. & P. R. R. Co., 30 Vt. 610; Perley v. B., C. & M. R. R. Co., 57 N. H. 212.

There is no liability for not constructing culverts so as to pass extraordinary floods. P., Ft. W. & C. R. R. Co. v. Gilleland, 56 Penn. St. 445; B. & O. R. R. Co. v. Sulp. Sp. School, 96 Penn. St. 65; H. & G. N. R. R. Co. v. Parker, 50 Tex. 330; Ellet v. St. L., K. C. & N. Ry. Co., 76 Mo. 518; Ill. Cent. R. R. Co. v. Bethel, 11 Ill. App. 17, and cases therein cited; Freeland v. Pa. R. R. Co., 66 Pa. St. 91.

Defendant is not liable for damages without notice of insufficient openings. Union Trust Co. v. Cuppy, 26 Kan. 754; Bonner v. Welborn, 7 Geo. 314; Wayland v. St. L., K. C. & N. Ry. Co., 75 Mo. 548.

After culvert had been constructed some years without complaint, and an injury having subsequently arisen, it was held that the action would not lie. Colley v. L. & N. W. Ry. Co., 31 Eng. Rep. 691.

Damages for overflow of land caused by acts of a former company owning a railroad can not be recovered. Wayland v. St. L., K. C. & N. Ry. Co., *supra.*

Where an injury is caused to real estate by a cause of a permanent character, the grantee of the owner of the property can not maintain an action for the continuance of the cause of the injury. C. & A. R. R. Co. v. Maher, 91 Ill. 312; T. W. & W. Ry. Co. v. Morgan, 72 Ill. 155; C. & E. I. R. R. Co. v. Loeb, 118 Ill. 203; W., St. L. & P. Ry. Co. v. McDougall, 118 Ill. 229, and cases therein cited.

In Wagner v. L. I. R. R. Co., 2 Hun (N. Y.), 633, it was held that damages could not be recovered for the accumulation of surface water.

A railroad is not bound to furnish an outlet for tile drains, nor for the excessive amount of water accumulated thereby. Starr & C. Ill. Stats., Chap. 42, Drainage.

Mr. JAMES S. EWING, for appellee.

A railroad company has no right, by any embankment or other artificial means, to obstruct the flow of the surface water and thereby force it in increased quantities upon the lands of another; and if it does so, it is liable for any injury the owner of the land may sustain thereby. 2 Hilliard on Torts, 378; Toledo, W. & W. R. Co. v. Morrison, 71 Ill. 616; Chicago, R. I. & P. R. Co. v. Moffit, 75 Ill. 524.

Every continuance of a nuisance is a fresh one. 3 Blackstone's Com., 220; Sedgwick on Measure of Damages, 144; 1 Hilliard on Torts, 65.

Defendant having made use of the grade with its insufficient waterways during the year in question, and having repaired the same, was not entitled to notice of their insufficiency or the injurious consequences. Groff v. Ankenbrandt, 19 Ill. App. 150; McGowan v. Mo. Pacific R. Co., 23 Mo. App. 203.

It was lawful for plaintiff to drain her land with tile to the points in the natural depressions at the line of the right of way on north side. Starr & C. Ill. Stats., Chap. 42, Secs. 177 and 186.

WALL, J. This was an action on the case by appellee against the appellant to recover damages for overflowing the land of appellee.

The first count of the declaration alleged that appellant did not construct and maintain sufficient openings through its embankment to permit the water to flow from the land of appellee, whereby the land was overflowed and rendered unfit for cultivation.

The second count averred the same facts as to the obstruction, with the addition that because of the insufficient openings the water was backed up and discharged with undue violence on that part of the land below the railroad, causing portions of the soil to be washed away, etc.

The plea was not guilty. A trial by jury resulted in a verdict for plaintiff of $50. By their special findings it appeared that the jury disregarded all claims under the second count and therefore the objection that the court refused an instruction with regard to that part of the plaintiff's demand and that the 7th, 8th and 9th special interrogatories were not submitted to the jury will require no consideration.

No objections are urged to the modification of the defendant's instructions. It is urged, however, that there was error in those given for plaintiff because they proceed upon the theory that the railroad had constructed and maintained water ways insufficient to carry off the surface water, and it seems to be argued that as it was admitted the railroad company owned the right of way, and had paid for it, therefore all damages growing out of the construction of the road had been included in the condemnation proceedings, and unless there had been changes in the structure causing additional damages the plaintiff could not complain. It did appear the appellant had been operating the road since January 25, 1888, and was the owner of the right of way and had paid therefor, but it did not appear whether this was through condemnation or by purchase nor from whom such right of way was acquired, nor did it appear that appellant had ever paid for the right to overflow the land of appellee by means of insufficient waterways, or that appellee or her grantors had ever been compensated in any way for prospective damages of that sort.

The mere owning of the right of way would confer no authority to inflict such an injury upon the adjoining land

owner without liability, nor would even a recovery in a former suit for damages not now claimed bar this action if the injury complained of was due to the negligent and improper construction of the road. The right to build and operate the road carries with it the duty to construct skillfully. For injury caused by faulty construction the remedy is clear and may be applied as often as injury occurs. O. & M. Ry. Co. v. Wachter, 123 Ill. 440; C., B. & Q. R. R. Co. v. Schaffer, 26 App. 280; Id., 124 Ill. 112.

This objection to the plaintiff's instructions is untenable, and the cases cited in the brief in support of it are not in point as we understand them.

It is pressed with some force that the real cause of damage was that the tile drains of the plaintiffs produced an extra flow of water and that the real object of this suit was to hold defendant liable for not furnishing sufficient openings to let off such accumulations, and it is insisted the court erred in permitting evidence in regard to such tile drains.

It would have been quite difficult to place the situation fairly before the jury without more or less reference to the tile—and this came out somewhat in the evidence for defendant as well as for plaintiff—but the jury were very clearly and distinctly instructed that defendant was responsible only for obstructing the natural drainage of the land and was not required to provide any additional facilities on account of the artificial drainage by means of the tile of the plaintiff.

From the special findings it appears the jury were guided by these instructions and placed the damages on the ground of an obstruction to the natural drainage only. We think the objection urged in this regard is also untenable.

As to the chief question of fact and the amount of damages awarded there is no proper occasion for interference.

The evidence, though conflicting, is of such character as to support the verdict.

Perceiving no substantial error in the record we must affirm the judgment.

*Judgment affirmed.*