OMAHA & REPUBLICAN VALLEY RAILROAD COMPANY, PLAINTIFF IN ERROR, V. JOSHUA P. BROWN, DE-FENDANT IN ERROR.

Railroads: DAMAGES FROM OVERFLOW OF WATER.   An instruc-tion charging the jury "that notwithstanding the fact that the railroad company when it constructed its bridge did so in a prudent manner, according to the best information it could obtain at the time of its construction, yet, if it subsequently appeared that its construction was such that damages would result from the gorging of ice against the bridge, and that dam-ages would result to the plaintiff and other property holders in the vicinity of the bridge, by reason of the overflow of ice and water in consequence of said gorge, and the defendant had the time and the opportunity and means, by a reasonable effort on its part in that behalf, to avoid or prevent such damage, it was its duty so to do; and it was required to use all reasonable effort to avert such damages, and if it failed so to do it is liable to plaintiff for the damages sustained by him as resulted directly from such failure," *Held*, Erroneous, and a new trial awarded.

ERROR to the district court for Saunders county.   Tried below before POST, J.

*A. J. Poppleton* and *J. M. Thurston*, for plaintiff in error, cited: 1 Thompson on Negligence, 2, 55, 86.   *Belinger v.*

*Railroad,* 23 New York, 42. *Ward v. Telegraph Co.,* 71 Id., 81. *Railroad v. Holborn,* 53 Texas, 46. *Railroad v. Gilleland,* 6 P. F. Smith, 445. *McFadden v. R. R. Co.,* 44 N. Y., 478. *Withers v. North. Kent R. R. Co.,* 3 Hun., 969. *Tyrrell v. R. R. Co.,* 111 Mass., 546. *Mobile R. R. Co. v. Ashcroft,* 48 Ala., 15. *Campbell v. Tator Co.,* 35 Cal., 679. *Hoffman v. Water Co.,* 10 Cal., 413. *Wolf v. Water Co.,* 10 Cal., 541. *Everett v. Flume and Tunnel Co.,* 23 Cal., 225. *Shrewsbury v. Smith,* 12 Cush., 177.

*W. J. Connell* and *George W. Doane,* for defendant in error, cited: *Hay v. The Cohoes Co.,* 2 Conn., 159. *Tremain v. The Cohoes Co.,* Id., 163. Angell on Water-Courses, 336. *Mayor of New York v. Bailey,* 2 Denio, 433. *Brown v. The Cayuga and Susq. R. R.,* 2 Kernan, 486. *Hamden v. The N. H. and North R. R. Co.,* 27 Conn., 157. *Johnson v. Atlantic and St. L. R. R. Co.,* 35 N. H., 569. *Lawrence v. The Great Northern R. R. Co.,* 71 E. C. L., 643. *Boughton v. Carter,* 18 Johns., 405. *March v. The Ports. and C. R. R. Co.,* 19 N. H., 372. *Smith v. Milwaukee,* 18 Wis., 63. *Haynes v. Burlington,* 38 Vt., 350. *Lawrence v. Fairhaven,* 5 Gray, 110. *Perry v. Worcester,* 6 Gray, 544. *Hookset v. Amoskeag Mfg. Co.,* 44 N. H., 105. *Parker v. Lowell,* 11 Gray, 353. *Haskell v. New Bedford,* 108 Mass., 208. *Emery v. Lowell,* 104 Mass., 13. *Brayton v. Fall River,* 113 Mass., 218. *Rowe v. Addison,* 34 N. H., 306.

COBB, J.

This action was commenced in the district court by the defendant in error, Joshua P. Brown, against the Omaha and Republican Valley Railroad Company for damages alleged to have been sustained by him in the destruction of his mill and mill site by an overflow of water and ice caused by the faulty plan and construction of the railway

bridge of said company across the Platte river. The plaintiff below had a verdict and judgment in the district court, and the railway company bring the cause to this court on error.

There are six grounds of error assigned, but in presenting the views and conclusions to which the court has arrived, and which control its disposition of the case, it will probably be necessary to consider only those involved in one of the instructions given in charge by the court to the jury.

Upon the trial there was a large amount of testimony tending to prove that the plaintiff's property, described in his petition, was damaged, if not wholly destroyed, by reason of floating ice lodging against the piles of the bridge of defendant, and damming up the natural course of the water, and thus causing it to overflow the bank of the river, and run and carry ice down to and upon plaintiff's property. That the agent of defendant was notified of the formation of the gorge, and requested to move the bridge or a part of it, and thus open the channel for the flow of the ice and water by the natural course of the stream. That plaintiff also applied to the superintendent of the road to remove some of the piles of the bridge, and that it could have been done with gunpowder.

There was also testimony on the part of the defendant below tending to prove that, in the spring of 1881, the time of the ice gorge and damage, the thickness of the ice of the Platte river, the height of the water at the time of the breaking up of the ice in the river, and as to the manner of its breaking up—it having first broken up at the junction of the North and South Platte rivers, several hundred miles above the bridge under consideration—were quite unprecedented in the history of the country since its earliest settlement.

The second instruction given by the court to the jury at the request of the plaintiff below is as follows:

"As to the second ground of recovery referred to, the jury are instructed that notwithstanding the fact that the railroad company, when it constructed its bridge, did so in a prudent manner, according to the best information it could obtain at the time of its construction, yet, if it subsequently appeared that its construction was such that damages would result from the gorging of ice against the bridge, and that damages would result to the plaintiff and other property holders in the vicinity of the bridge by reason of the overflow of ice and water in consequence of said gorge, and the defendant had the time and the opportunity and means, by a reasonable effort on its part in that behalf, to avoid or prevent such damage, it was its duty so to do, and it was required to use all such reasonable effort to avert such damages, and if it failed so to do, it is liable to plaintiff for the damages sustained by him as resulted directly from such failure."

This instruction, in connection with the pleadings and evidence in the case, was erroneous. The manner of avoiding or preventing such damages, for failing in which the court tells the jury the company is liable, according to the petition and testimony, was to have taken out the bridge by means of gunpowder or otherwise.

It was the duty of the railway company, in planning and constructing its bridge, to bring to their execution the engineering knowledge and skill ordinarily practiced in such works, and to see to the practical application of such knowledge and skill to the work in hand, among other things, so as to allow of the passage of water and ice, such as is known to pass in the stream annually, or which may reasonably be expected to occur occasionally, without regard to such great or sudden overflows as are often designated as acts of God. But having once built its bridge and opened its line of railroad, the company had assumed duties to the public which were paramount to any duty which it owed to the plaintiff. Its bridge was either skill-

fully or negligently constructed; if negligently, then, within the qualifications above stated, the company was liable for the damages occasioned thereby; but its first and highest duty was to keep open its line for the transportation of persons, property, and the public mails, and if the bridge was planned and built, in the language of the said instruction, " in a prudent manner, according to the best information it " (the company) " could obtain at the time of its construction," it was not liable for any damages which the said bridge in connection with one of " those unexpected visitations, whose comings are not foreshadowed by the usual course of nature," may cause to the property of individuals, and to prevent such threatened damage it was not its duty to blow up with gunpowder, or otherwise destroy its bridge, and thus sever its line of railway.

As the above considerations render a new trial inevitable, the other errors assigned will not be considered.

The judgment of the district court is reversed, and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.