## Maggie C. Blakely v. C., K. & N. R. Co.

[Filed March 23, 1892.]

**Right of Way:** Conveyance by One Railroad to Another. A land-owner executed a deed to certain lands, to the R. V. Ry. Co., of 100 feet in width for right of way to said railway company, "its successors and assigns, for right of way and for operating its railroad only." An assignee of the original grantee conveyed to another railway company forty-two and one-half feet of its right of way across the plaintiff's land, thus making two roads upon such right of way. *Held,* That the second railway was an additional burden on the land, and plaintiff is entitled to recover.

Error to the district court for Gage county. Tried below before Broady, J.

*Griggs & Rinaker,* for plaintiff in error, cited: *Vermilay v. R. Co.,* 66 Ia., 611; *Barlow v. R. Co.,* 29 Id., 279; *Noll v. R. Co.,* 32 Id., 71; *R. Co. v. Jennings,* 76 Tex., 373.

*Stephen S. Brown,* and *Hazlett & Bates, contra,* cited: 2 Wash., Real Prop., 300; *Coburn v. Coxeter,* 51 N. H. 166; *Rawson v. Uxbridge,* 7 Allen [Mass.], 125; *Woodruff v. Woodruff,* 44 N. J. Eq., 349; *Hoyt v. Kimball,* 49 N. H., 322; *Merrifield v. Cobleigh,* 4 Cush. [Mass.], 184; *Portland v. Terwilliger,* 19 Pac. Rep. [Ore.], 90; *Hunt v. Beeson,* 18 Ind., 380; *Woodworth v. Payne,* 74 N. Y., 196; *Lawe v. Hyde,* 39 Wis., 345; *Noyes v. R. Co.,* 21 N. E. Rep. [Ill.], 487; *Chatham v. Brainerd,* 11 Conn., 90; *Packard v. Ames,* 16 Gray [Mass.], 327; *Smith v. White,* 5 Neb., 405; *Murray v. Harway,* 56 N. Y., 337; *Sharon Iron Co. v. Erie,* 41 Pa. St., 341; *Goodin v. Cincinnati,* 18 O. St., 179; *Hull v. R. Co.* 21 Neb., 371; *Logansport v. Uhl,* 99 Ind., 531.

MAXWELL, CH. J.

In 1885 the plaintiff and her husband made a convey-
ance to the Republican Valley Railroad Company as fol-
lows:

"Know all men by these presents, that Maggie C.
Blakely, Nathan Blakely, of the county of Gage and state
of Nebraska, in consideration of the sum of $900 in
hand paid, the receipt whereof is hereby acknowledged, do
hereby grant, bargain, sell, and convey unto the Republican
Valley Railroad Company, its successors and assigns, for
right of way and for operating its railroad only, the follow-
ing described real estate, situate in Gage county, state of
Nebraska, to-wit: A strip of land 100 feet wide, it being
50 feet on each side of the center line of the railroad
company as located upon the northwest quarter of the
southeast quarter, and the southwest quarter of the north-
east quarter, and the southeast quarter of the northwest
quarter of section No. 3, in township No. 3, range No. 6
east of the 6th P. M., to have and to hold the same unto
the said railroad company, its successors and assigns.

"In testimony whereof, we hereunto set our hands and
seal, this 2d day of July, A. D. 1885.

"MAGGIE C. BLAKELY.
"NATHAN BLAKELY.

"In presence of
    "R. S. BIBB."

This deed was duly acknowledged.

The cause was submitted to the court upon an agreed
statement of facts, which covers many pages, and with
undue particularity sets out the various steps taken in the
organization of the several companies. It will not, there-
fore, be copied, as no question arises upon most of its state-
ments.

It is admitted that the defendant in error has conveyed
forty-two and one-half feet of its right of way, derived

from the plaintiffs under said deed, to the Chicago, Kansas & Nebraska Railway Company. The court below found the issues in favor of the defendant and dismissed the action.

It will be observed that the conveyance is " for right of way and for operating its railroad only." The C., B. & Q. R. Co. is the successor of the R. V. R. R. Co. It is claimed on behalf of the defendant in error, that as the plaintiff in error conveyed the right of way by deed, that, therefore, the title passed to the railway company for all purposes and it may convey to whom it pleases.

Section 81, chapter 16, Compiled Statutes, is as follows: "Such corporation is authorized to enter upon any land for the purpose of examining and surveying its railroad line, and may take, hold, and appropriate so much real estate as may be necessary for the location, construction, and convenient use of its road, including all necessary grounds for stations, buildings, workshops, depots, machine shops, switches, side tracks, turn-tables, and water stations; all materials for the construction and repair of said road and its appurtenances, and a right of way over adjacent lands sufficient to enable such company to construct and repair its road, * * * and the right of making proper drains; *Provided,* That the lands held, taken, and appropriated, otherwise than by the consent of the owner, shall not exceed 200 feet in width, except for wood and water stations, and depot grounds, unless where greater width is necessary for excavations, embankments, or depositing waste earth ; *Provided further,* That no appropriation of private property for the use of any corporation provided for in this subdivision shall be made until full compensation therefor be first made or secured to the owners thereof."

Sec. 1241 of the Code of Iowa provides "that a railway company may take and hold, under the provisions of this chapter, so much real estate as may be necessary for the location, construction, and convenient use of its railway,

and may also take, remove, and use for the construction and repair of said railway and its appurtenances, any earth, gravel, stone, timber, or other materials on or from the land so taken."

In *Vermilya v. C., M. & St. P. R. Co.*, 24 N. W. Rep. [Ia.], 234, a quitclaim deed for right of way contained this provision: "For all purposes connected with the construction, use, and occupation of said railroad and right of way," and it was held that the company could not take sand from such right of way, for the purpose of building a roundhouse, without compensating the owner of the land therefor. The case seems to have been carefully considered, and is applicable in this state as in Iowa. (*R. Co. v. Jennings*, 76 Tex., 373; *Barlow v. R. Co.*, 29 Ia., 279; *Noll v. R. Co.*, 32 Id., 71.)

In *Platt v. Pennsylvania Co.*, 1 N. E. Rep. [Ohio], 420, a railway company sold part of its right of way, which it had condemned, to another railway company, and it was held by the supreme court of Ohio to be an abandonment of the part conveyed. The land was conveyed by the plaintiffs only for right of way and operating the road. There is a plain limitation in the grant to these purposes. The grant no doubt includes the original grantors, successors, and assigns, because in such case only the name of the road to which the conveyance was made is changed, although it may have passed into other hands than its builders. A party may be willing to permit one railway to cross his land, while he might not give his consent to two or more being constructed across the same. There are many reasons for this. The increased danger from accidents by fire, or other accidents, which need not be enumerated. This principle was recognized in *Donisthorpe v. F., E. & M. V. R. Co.*, 30 Neb., 142, where a conveyance for right of way was obtained upon the assurance that the main line only of the railway would be constructed on the right of way so assigned, whereas afterwards three side tracks were laid past

the house of the grantor, thereby greatly diminishing the value of the property below what it would have been had the main line alone been constructed there, and it was held that such difference could be recovered. In the case at bar there is a limitation in the grant to a particular purpose, and that does not contemplate a transfer to another company of a part of the right of way. Such conveyance is unauthorized under the deed from the plaintiff. Whether such conveyance could be made in case the deed had been absolute in form, does not arise in this case, and therefore will not be determined, but upon the facts set forth in the stipulation, the plaintiffs are entitled to judgment for the strip of land in controversy. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.