MAGGIE C. BLAKELY V. CHICAGO, KANSAS & NEBRASKA
RAILWAY COMPANY.

FILED NOVEMBER 7, 1895.   No. 3607.

1. **Railroad Companies: RIGHT OF WAY: EASEMENTS.** A grant
of a strip of land to a railroad company "for right of way and
for operating its railway only" gave to the grantee a mere ease-
ment in such strip.

2. ———: CONVEYANCE TO ANOTHER COMPANY OF RIGHT OF WAY:
LIABILITY OF GRANTEE FOR DAMAGES. The conveyance by
a railroad company of a part of its right of way in which it had
but an easement expressly limited to the operation of its own
road, to a distinct and independent railroad company, which
built and has ever since operated its line of railroad on the land
conveyed to it, was an abandonment of such part by the railroad
company first referred to, and, as against that last indicated, the
original proprietor, through whom both companies claim their
rights, is entitled to compensation with respect to the part oc-
cupied and used by the company last indicated.

REHEARING of case reported in 34 Neb., 284.

*Alfred Hazlett* and *L. M. Pemberton*, for defendant in
error:

By permitting the defendant's grantor, the Chicago,
Kansas & Nebraska Railway Company, to enter upon the
land and fully construct and operate its road thereon with-
out objection or protest, knowing all the time just what
was being done, the plaintiff is estopped to maintain eject-
ment. (*Omaha & N. N. R. Co. v. Redick*, 16 Neb., 313;
*Pryzbylowicz v. Missouri R. R. Co.*, 3 McCrary [U. S.],
586; *Goodin v. Cincinnati & Whitewater Canal Co.*, 18 O.
St., 169; *McAulay v. Western V. R. Co.*, 33 Vt., 311;
*Gray v. St. Louis & S. F. R. Co.*, 81 Mo., 126; *Dodd v. St.
Louis & H. R. Co.*, 18 S. W. Rep. [Mo.], 1117; *Indiana
B. & W. R. Co. v. Allen*, 113 Ind., 308; *Cairo & F. R. Co.
v. Turner*, 31 Ark., 494; *Provolt v. Chicago, R. I. & P. R.*

*Co.*, 57 Mo., 256; *Pickert v. Ridgefield Park R. Co.*, 25 N. J. Eq., 316; *Curtis v. La Grande Hydraulic Water Co.*, 25 Pac. Rep. [Ore.], 378; *Martin v. Maine C. R. Co.*, 21 Atl. Rep. [Me.], 740; *Hentz v. Long Island R. Co.*, 13 Barb. [N. Y.], 646; *Lexington & O. R. Co. v. Ormsby*, 7 Dana [Ky.], 276; *Platt v. Pennylvania Co.*, 43 O. St., 241.)

By the deed to the Republican Valley Railroad Company plaintiff conveyed her interest in the land, and has now no title or interest which she can assert against defendant. (*Yates v. Van De Bogert*, 56 N. Y., 527; *Nicoll v. New York & E. R. Co.*, 12 N. Y., 121; *Page v. Heineberg*, 40 Vt., 81; *Walsh v. Barton*, 24 O. St., 28; *Crolley v. Minneapolis & St. L. R. Co.*, 30 Minn., 541; *Chicago, B. & Q. R. Co. v. Lewis*, 53 Ia., 101; *Soukup v. Topka*, 55 N. W. Rep. [Minn.], 824; *Vail v. Long Island R. Co.*, 106 N. Y., 283; *Farnham v. Thompson*, 34 Minn., 330; *Horner v. Chicago, M. & St. P. R. Co.*, 38 Wis., 165; *Wier v. Simmons*, 55 Wis., 637; *Strong v. Doty*, 32 Wis., 381; *Williams v. Western U. R. Co.*, 50 Wis., 71; *Rawson v. School District*, 7 Allen [Mass.], 125; *Greene v. O'Connor*, 25 Atl. Rep. [R. I.], 692; *Higbee v. Rodeman*, 28 N. E. Rep. [Ind.], 442; *Heaston v. Commissioners of Randolph County*, 20 Ind., 398; *Schipper v. St. Palais*, 37 Ind., 505; *Sumner v. Darnell*, 27 N. E. Rep. [Ind.], 162; *Vermilya v. Chicago, M. & St. P. R. Co.*, 24 N. W. Rep. [Ia.], 234; *Junction R. Co. v. Ruggles*, 7 O. St., 1.)

Even if it should be held that the grant was made upon condition that the grantee should use and occupy the land for right of way purposes, the condition is being substantially complied with, for it is still being used for such purpose. (*Spaulding v. Hallenbeck*, 39 Barb. [N. Y.], 79; *Chapin v. School District*, 35 N. H., 445; *Inhabitants of Hadley v. Hadley Mfg. Co.*, 4 Gray [Mass.], 140.)

*Griggs, Rinaker & Bibb*, for plaintiff in error:

No estoppel was pleaded by the defendant. It is neces-

sary to plead an estoppel in order to take advantage of it. (*Nebraska Mortgage Loan Co. v. Van Kloster*, 42 Neb., 746.)

In order to constitute an equitable estoppel by silence or acquiescence, it must be made to appear that the facts, upon which it is sought to make the estoppel operate, were known to the party against whom the estoppel is urged, and unknown to the party urging it. (*Nash v. Baker*, 40 Neb., 294.)

Plaintiff's deed did not convey an absolute title to the strip through her land. It merely conveyed a right of way or easement. (*Robinson v. Missisquoi R. Co.*, 59 Vt., 426; *Keeler v. Wood*, 30 Vt., 242; *Jones v. Van Bochove*, 61 N. W. Rep. [Mich.], 342; *Flaten v. City of Moorhead*, 53 N. W. Rep. [Minn.], 807; *Babcock v. Latterner*, 30 Minn., 417; *Ft. Worth & R. G. R. Co. v. Jennings*, 13 S. W. Rep. [Tex.], 270.)

RYAN, C.

An opinion was filed in this case which was reported in 34 Neb., 284. A rehearing was afterward granted, and upon reargument it is now reached for further consideration. The deed of Maggie C. Blakely to the Republican Valley Railroad Company conveyed a certain strip of land one hundred feet wide across certain lands described by government subdivisions, "to have and to hold the same unto the said railroad company, its successors and assigns." In connection with the language just quoted the controversy in the case hinges on the words following the names and description of the grantors and the acknowledgment of the receipt of $900 consideration, which words are as follows: "do hereby grant, bargain, sell, and convey unto the Republican Valley Railroad Company, its successors and assigns, for right of way and for operating its railroad only," etc. The Chicago, Burlington & Quincy Railroad Company afterwards became the successor of the grantee above

named and, as such successor, assumed the right to, and, in so far as it had power, did convey to the defendant in error forty-two and a half feet in width of the above one hundred-foot strip. Plaintiff in error insists that by this conveyance there was an abandonment of that part of the right of way which the Chicago, Burlington & Quincy Railroad Company assumed to convey to the defendant in error, and that, therefore, plaintiff is entitled in this her action of ejectment to recover the same. The judgment of the district court of Gage county in denial of this right is presented for review.

The defendant in error contends that the words "for the right of way and operating its railroad only," following the granting clause, do not create a condition subsequent, and that, therefore, this action cannot be maintained. In *Chapin v. School District*, 35 N. H., 445, the term above used is thus discussed: "A subsequent condition is one which operates upon an estate already created and vested and renders it liable to be defeated. Thus, if a man grant an estate in fee-simple, reserving to himself and his heirs a certain rent, and that if such rent be not paid at the times limited it shall be lawful for him and his heirs to re-enter and avoid the estate; in such case the grantee and his heirs have an estate upon condition subsequent, which is defeasible if the condition be not strictly performed. (Litt., sec. 325; 2 Black. Com., 154, 4 Kent's Com., 125.)" The deed of the plaintiffs in error contained no condition of the nature of that above indicated and illustrated, hence there was no condition subsequent.

Thus far we have agreed with the defendant in its contention that the deed of Maggie C. Blakely and husband contained no condition subsequent. It is assumed in argument that this much being established, the conclusion must of necessity follow that plaintiff could not insist that by the abandonment of a part of such right of way, such part would revert to Mrs. Blakely. The conveyance by

her in which her husband joined was of a certain strip of land one hundred feet wide to the Republican Valley Railroad company, "its successors and assigns, for right of way and for operating its railroad only." That the limitation, "for operating its railroad only," was confined to but one railroad requires no argument to establish. It is equally clear that this one road might be the grantee named, its successors or assigns, and it is not claimed that the defendant is a successor of the Republican Valley Railroad Company. If the right to operate a railroad upon the right of way strip conveyed by the Blakelys was, as we have seen, limited to one road, it would be impossible that defendant, under its deed, could deprive the Chicago, Burlington & Quincy Railroad Company of its right as a successor of the Republican Valley Railroad Company to operate its railroad upon the right of way granted by the Blakelys, for there was made by the Chicago, Burlington & Quincy Railroad Company no conveyance which purported to convey that portion of the right of way on which its railroad line was situated. If the defendant obtained a right to use a portion of the originally granted one hundred feet, by virtue of the deed from the Chicago, Burlington & Quincy Railroad Company of only a fraction thereof in severalty, the deed last named must be held not only to have conferred upon defendant full title to this fraction, but it must in addition be held to have destroyed the title and the right of use by the Chicago, Burlington & Quincy Railroad Company of the remaining fractional part which it never conveyed, for the Blakelys, by their deed, expressly limited the use to one company. A construction which would lead to such a result is absurd, and therefore we must construe the limitation of the sole use of the railroad in the deed of the Blakelys as not operative in favor of the defendant.

It has already been shown that the deed under consideration was one that contained no condition subsequent.

We shall now endeavor to ascertain and determine the ex-
act nature of the title which, by virtue of the deed to it,
was held by the Republican Valley Railroad Company, and
which, therefore, that company was able to convey to the
Chicago, Burlington & Quincy Railroad Company.    In
*Robinson v. Missisquoi R. Co.*, 59 Vt., 426, the clause,
"for the use of a plank road," which immediately follows
the description of the land conveyed, was held to limit the
estate conveyed to a mere easement.    In *Flaten v. City of
Moorhead*, 53 N. W. Rep., 807, in a deed in the same con-
nection as just indicated there was the clause: "Said tract
of land hereby conveyed to be forever held and used as a
public park."    The supreme court of Minnesota, in which
the above case was decided, held that the grantee did not
upon the face of the instrument acquire an absolute title in
fee.    In *Lake Erie & W. R. Co. v. Ziebarth*, 33 N. E. Rep.,
256, the appellate court of Indiana had under considera-
tion a deed executed for a nominal consideration of a right
of way one hundred feet wide.    This deed provided:
"The estate granted hereby is upon condition that the strip
of land aforesaid shall be used for said railroad purposes
only, and when the same shall, after the road is constructed,
cease to be used for such purpose, the same shall revert to
the grantor;" and it was held that the company did not
take a fee in the strip, but a mere floating easement before
the location of the grantee's line of railroad over the tract
through which it was to be located.    In *Reichenbach v.
Washington S. L. R. Co.*, 38 Pac. Rep., 1126, the supreme
court of Washington held that the conveyance of the right
of way to be held "so long as the same should be used for
the operation of a railroad," vested in the grantee a mere
easement.    The first paragraph of the syllabus of *Jones v.
Van Bochove*, 61 N. W. Rep., 342, a case decided by the
supreme court of Michigan, is in the following language:
"A deed which, by its granting clause, conveys the right of
way for a railroad,    *    *    *    and described as follows:

'A strip of land forty feet wide * * * and being nine hundred and fifty-two feet in length,' though in the usual form of a full warranty deed, conveys an easement therein only and not a fee."

The cases above cited with reference to conveyances in terms limited proceed upon the principle that, as each grant was only of a right of user in a certain manner, such grant in effect was but an accordingly defined license. Between this class of cases and that relied upon by the defendant there is a marked difference, for in the latter the conveyance was in each instance of the fee. As was said in *Coburn v. Coxeter*, 51 N. H., 158: "A conveyance of a right of way over that parcel of land would clearly pass only an easement, leaving the fee in the grantor; but here the land itself, in the broadest terms, is granted, and the restriction upon the use is entirely consistent with the passing of the fee." In the deed to the Republican Valley Railroad Company the grant of the strip of land was "for right of way and for operating its railroad only." These words were words of limitation of the rights of the grantee with respect to the strip conveyed, to a mere easement. In *Henderson v. Hunter*, 59 Pa. St., 335, there was discussed the effect of a deed in which was contained a limitation, which was "for the erection of a house or place of worship for the use of the members of the Methodist Episcopal church of the United States of America (so long as they use it for that purpose, and no longer, and then to return back to the original owner), according to the rules and discipline," etc. Agnew, J., delivering the opinion of the court, said: "The equitable estate is in the members of the church so long as they use the house as a place of worship in the manner prescribed, and no longer. This is the boundary set to their interest, and when this limit is transcended the estate expires by its own limitation and returns to its author. The words thus used have not the slightest cast of a mere condition. No estate for any fixed or de-

terminate period had been granted before these expressions were reached, and they were followed by no proviso or other indication of the condition to be annexed. 'A special limitation,' says Mr. Smith, in his work on Executory Interests, p. 12, 'is a qualification serving to mark out the bounds of an estate, so as to determine it *ipso facto* in a given event without action, entry or claim, before it would, or might otherwise expire by force of, or according to, the general limitation.' A special limitation may be created by the words 'until,' 'so long,' 'if,' 'whilst,' and 'during,' as, when land is granted to one so long as he is parson of Dale, or while he continues unmarried, or until out of the rents he shall have made £500. (2 Black., Com., 155; Smith on Exec. Int., 12; Thomas Coke, vol. 2, 120–121; Fearne on Rem., 12–13, and note p. 10.) 'In such case,' says Blackstone, ' the estate determines as soon as the contingency happens (when he ceases to be parson, marries a wife, or received the £500), and the subsequent estate which depends on such determination becomes immediately vested, without any act to be done by him who is next in expectancy.' The effect of the limitation in this case was that the estate of the trustees terminated the moment the house ceased to be used as a place of worship according to the rules and discipline of the church, by the members to whose use in that manner it had been granted; and the reversion *ipso facto* returned to Thomas Pillow, the grantor."

The case we have under consideration differs from that of *Henderson v. Hunter, supra,* in one respect, which should be noted, and that is, that the grant by the Blakelys was a mere easement, the legal title never having passed. There was therefore no question of the reversion of an estate involved. If the Republican Valley Railroad Company or its successor parted with the right to the use of forty-two and one-half feet in width of the hundred feet, there existed no right, title, or interest outstanding incompatible with the complete title in Mrs. Blakely and the right of possession

incidental thereto. In *Jones v. Van Bochove*, 61 N. W. Rep. [Mich.], 342, it was held that when the non-user of right of way of a railroad company was accompanied by acts which manifested an intention to abandon and which destroy the object for which the easement was created, or the means of its enjoyment, an abandonment will take place, and in support of this proposition a large number of cases were cited. In *Omaha S. R. Co. v. Beeson*, 36 Neb., 361, it was held that where a part of an ordinary highway had been vacated, the title thereto vested in the adjacent proprietors, and there exists no reason forbidding the application of this principle where the easement has been abandoned by a railroad company. It of necessity follows that the Republican Valley Railroad Company and its successor, the Chicago, Burlington & Quincy Railroad Company, must be held to have abandoned forty-two and one-half feet in width of their right of way so far as their own use of it was concerned. It is equally clear the defendant took nothing by the deed to it, for its grantor never had more than the right, itself, to use the one hundred feet strip for operating its railroad. In so far as the rights of the parties to this suit are involved, plaintiff was entitled to maintain its action against the defendant. It was stipulated in the district court that the Republican Valley Railroad Company, under its deed from plaintiffs, went into peaceable possession of the strip thereby conveyed and along its entire length built its line of road and continued its possession until the date of its sale to the Chicago, Burlington & Quincy Railroad Company; that said last named railroad company, since it became the owner of said strip, retained peaceable and uninterrupted possession of the same, except as was in said stipulation described as hereinafter indicated. It was further stipulated that before December 20, 1886, the Chicago, Kansas & Nebraska Railway Company transferred all its property, franchises, etc., to the defendant the Chicago, Kansas & Nebraska Railway

Company, which latter company thereupon, with the consent of the Chicago, Burlington & Quincy Railroad Company, took possession of the aforesaid strip, forty-two and one-half feet wide, and the line of road thereon constructed by the Chicago, Kansas & Nebraska Railway Company, and that said last named company and its successor has ever since remained in possession of said strip.

It is insisted by the defendant in argument that the plaintiff is now estopped to disturb defendant's possession of the forty-two and one-half foot strip and the line of road thereon constructed. There was presented no such claim by the pleadings, and it is clear by the proof above stated that there was no ground for estoppel shown. It may have been that there was acquiescence by silence or otherwise on the part of Mrs. Blakely in the construction of defendant's road as it was constructed, but this, if a fact, was neither pleaded nor proved. On the other hand it is perfectly consistent with the facts stipulated above, that plaintiff may have supposed that the line being built upon the forty-two and one-half foot strip was in the course of construction by the Republican Valley Railroad Company or by the Chicago, Burlington & Quincy Railroad Company. Under these circumstances we cannot say whether or not the estoppel in fact should be recognized. Certainly, in the present condition of the pleadings and evidence, this cannot be done. One thing is clear, however, and that is that over this strip forty-two and one-half feet in width there has been constructed and is now in operation a line of railroad in which the public at large is interested. As against the public, plaintiff must be deemed to have waived her right to insist that this strip shall be restored to her as though no railroad had been built or was in operation over it. As was said under somewhat similar circumstances in *Omaha & R. V. R. Co. v. Brown*, 14 Neb., 170: "But its [the railroad company's] first and highest duty was to keep open its line for the transportation of persons, prop-

erty, and the public mails." We are aware that in *Hull v. Chicago, B. & Q. R. Co.*, 21 Neb., 371, and one case therein cited, there was used language which seems to ignore the rights of the public. In neither of these cases was there any reference to the language used in *Omaha & R. V. R. Co. v. Brown, supra*, and we therefore assume that both Judge MAXWELL and Judge REESE meant only to state a general rule and did not think it necessary to note the exceptions thereto. If in any way avoidable, there should be tolerated no resort to so radical a measure as the interruption of traffic over the line of the defendant by means of an ouster from the forty-two and one-half foot strip occupied by it. We have no doubt that upon this cause being remanded to the district ·court there will be no difficulty found in properly making up and trying the issues really involved, and that, if plaintiff is entitled to damages, ample means of redress will be found independently of an eviction of the defendant. The judgment of the district court is reversed and the cause is remanded for further proceedings not inconsistent herewith.

REVERSED AND REMANDED.