# Illinois Central Railroad Company v. Frances Anderson.

73    621
f191s¹643

1.  RAILROAD COMPANIES—*Rights Under Grants of the Right of Way.*— A grant by the owner of premises to a railroad company authorized to acquire lands by purchase, of a right of way through such premises for the purpose of constructing and operating a railroad with all its necessary appurtenances and for all uses and purposes connected with the construction, maintenance and complete operation of the same, has the same effect so far as the recovery of damages, either past, present or future, is concerned, as proceedings by condemnation and no action for damages occasioned thereby can be maintained by a subsequent purchaser of other portions of said premises.

2.  SAME—*Privileges Under Special Grants—Conveniences—Switches and Turntables.*—Within the right of way conveyed by deed to a railroad company for the purpose of constructing, maintaining and operating thereon, a single or double track railroad, with all its necessary appurtenances, and for all uses and purposes connected with the construction, repair, maintenance and complete operation of said railroad, everything essential and convenient to the safe and proper operation of the road, may reasonably be expected to be placed by the company.

3.  SAME—*Switches and Turntables—To be Anticipated by Subsequent Purchasers.*—Switches and turntables are such common conveniences in the operation of a railroad as to be fairly anticipated by a subsequent purchaser of property abutting upon a right of way, previously conveyed to the railroad company by the grantor.

4.  SAME—*Construction of Switches and Turntables—Nuisances.*—Where a grant of a right of way through lands to a railroad company is for a specific purpose, as for all lawful uses and purposes incident to a full and indefeasible title in fee simple, or in any way connected with the construction, preservation, occupation, sole enjoyment, maintenance, repair and complete operation of a railroad, the construction of switches and turntables; the turning, moving or standing thereon of engines; the casting of smoke, cinders and ashes upon the abutting premises, are necessary incidents of a complete operation of the road. The grant being for such purposes, the consideration must be considered as full compensation in law, to the grantor and his grantees, for all present and future damages.

5.  SAME—*Right of Subsequent Purchasers to Damages.*—When the owner of premises granted to a railroad company authorized to acquire lands for railroad purposes by purchase, the right of way through the same by a deed conditioned for the purpose of constructing, maintaining and operating thereon a railroad with all its necessary appurtenances and

for all uses and purposes connected with the construction, repair, maintenance and complete operation of a road, to have and to hold the same unto it and its successors and assigns forever for all lawful uses and purposes incident to a full and indefeasible title in fee simple or in any way connected with the construction, preservation, occupation and sole enjoyment of such road and afterward platted and laid out the remaining portion of said premises into town lots, which he afterward sold to different persons. In an action by one of the subsequent purchasers against the railroad company to recover damages occasioned by noises of the engines upon such road and for smoke and soot, etc., cast upon his premises, it was held that the original consideration of the grant included all such damages present and future and that he could not recover.

**Trespass on the Case,** for a nuisance. Appeal from the Circuit Court of Effingham County; the Hon. SILAS Z. LANDER, Judge, presiding. Heard in this court at the August term, 1897. Reversed. Opinion filed March 1, 1898.

WOOD BROTHERS, attorneys for appellant.

To maintain their contention cited the following cases: Galt v. Chicago & N. W. R'y Co., 157 Ill. 140; Indiana, B. & W. R'y Co. v. McLaughlin, 77 Ill. 275; Wabash, St. L. & P. v. McDougall, 118 Ill. 235; Keithsburg & E. R. R. Co. v. Henry, 79 Ill. 290; Rockford, R. I. & St. L. R. R. Co. v. McKinley, 64 Ill. 338; Redfield on R'y (2 Ed.), 154; Chicago, R. I. & P. R'y v. Smith, 111 Ill. 371; Tinker v. City of Rockford, 36 Ill. App. 475; Chicago & W. I. R. R. v. Cogswell, 44 Ill. App. 400.

There is no nuisance in this case. Chicago & E. I. R. R. Co. v. Loeb, 118 Ill. 211; Moses v. Pittsburg, F. W. & C. R. R. Co., 21 Ill. 522.

Only one question needs serious consideration—the effect of the deed from Cartwright to the railroad company. Chicago, R. I. & P. R'y Co. v. Smith, 111 Ill. 371.

The law conclusively presumes that Cartwright, when he conveyed to appellant, intended it to use the property for any purpose not inconsistent with the words of

the grant. Conwell v. Springfield & N. W. R. R. Co., 81 Ill. 232.

GILMORE & GILMORE, attorneys for appellee.

The facts appearing from the record in this case show that the turntable and spur switch complained of constitute a nuisance. Located as they are in such close proximity to the residence of appellee, they substantially injure her in the enjoyment and use of it. 3 Sutherland on Damages, Secs. 1035, 2267, 2270; First Baptist Church v. Schenectady Railroad Co., 5 Barb. 79; 1 Wood on Nuisances (3 Ed.), 4, 5 and 8, Sec. 497, pages 681, 682.

The structure complained of here, erected at the place it is, instead of a place removed from the densely populated portion of the city, where no injury would be inflicted upon anyone, can not be said to be necessary to the ordinary and prudent management of appellant's road. Nor is it such a structure, considering its location and use, as the law would imply must have been contemplated by the parties at the time of executing the deed. 3 Sutherland on Damages, 2270; Coggswell v. New York, etc., R. R. Co., 103 N. Y. 10; Baltimore & P. R. R. Co. v. Fifth Baptist Church, 108 U. S. 317; Wylie v. Elwood, 134 Ill. 281; Illinois C. R. R. Co. v. Grabill, 50 Ill. 241; 1 Wood on Nuisances (3 Ed.), Sec. 524, page 717; Snell v. Buresh, 123 Ill. 151; Commonwealth v. Kidder, 107 Mass. 188; Chicago & E. I. R. R. Co. v. Loeb, 118 Ill. 218; Bamford v. Turnley, 31 L. J. 286.

MR. PRESIDING JUSTICE CREIGHTON DELIVERED THE OPINION OF THE COURT.

This was an action on the case by appellee against appellant, commenced and prosecuted in the Circuit

Court of Effingham County, resulting in a verdict and judgment for appellee. Appellant duly excepted and brings the case to this court by appeal.

Appellant's charter authorized it to acquire land by purchase for all the purposes connected with the construction and complete operation of a railroad.

On November 30, 1853, James Cartwright and wife duly executed and delivered to appellant their deed to a strip of land two hundred feet wide, for right of way over the northeast quarter of section 29, T. 8. N. R. 6 east in Effingham County, Illinois. The purpose of the grant is expressed in the deed as follows:

"For the purpose of constructing, maintaining and operating thereon, single or double track railroad, with all its necessary appurtenances, and for all uses and purposes connected with the construction, repair, maintenance and complete operation of said railroad, * * * to have and to hold the same unto the Illinois Central Railroad Company, their successors and assigns forever, for all lawful uses and purposes incident to a full and indefeasible title in fee simple or in any way connected with the construction, preservation, occupation and sole enjoyment of said road, and said lands aforesaid."

The deed also provides that if appellant or its successors shall at any time cease to occupy and use its road over said premises, then said lands and premises shall revert, etc., etc.

It is stipulated in substance that said Cartwright owned in fee the quarter section of land described in the deed over which the right of way passes; that subsequently by proper conveyances the title to that portion of the tract lying along the east side of the right of way conveyed to appellant passed from Cartwright to parties who platted the same as an addition to the town of Effingham, that appellee's premises is one of

the lots in said plat, and that she derived title through Cartwright.

The railroad was constructed in 1856, at first with a single track. The addition to the town was laid out and platted in 1859. Appellee purchased her premises in 1888. It abuts upon the right of way and has on it a house fronting toward the railroad. The house, prior to and at the time of the trial, was occupied by appellee as a dwelling house; was her home. The town of Effingham has grown to be the city of Effingham, and this has become a populous portion of the city. As the city grew and traffic increased, a side track was added, then a passing track, then Effingham became the end of a division, and in 1895 to meet the requirements of this condition appellant put in a turntable, and connected it with the main track by a switch. The turntable is about thirty feet from appellee's house, and both it and the switch are wholly on appellant's right of way. The use of this switch and turntable by appellant brings the engines nearer to appellee's house than they formerly came, keeps them there longer, increases the noise, and casts upon her premises and into her house more or less gas, smoke and soot and to an appreciable degree adds to the burden, up to that time, borne by her property, and renders it less valuable than it would be if not required to bear this burden.

It is not contended by appellee that the turntable and switch are improperly constructed, or that the engines upon them have at any time been negligently or improperly used or operated, or that because of any unlawful or wrongful act in the manner of construction or use, a nuisance exists; but that though constructed in a proper manner and used and operated in a proper way, the natural result of their construction and operation in so close proximity to appellee's premises is a

nuisance of which she can complain, and is an injury to her property, for which she can recover of appellant.

The acts complained of here do not constitute a public nuisance nor a private nuisance that can be abated by law. The noise, gas, smoke and soot complained of may, in a sense, be a private nuisance, but appellee derived her title through Cartwright after his grant to appellant, and if upon the facts shown he would have no standing in court, had he remained the owner, then the appellee can have none.

This case does not fall within the rules applicable to such cases as where the grant was made for no specific purpose; where the grant was made by a stranger to the title of the party injured; where the grant was made by a city council or other legislative body, nor where the injury arises from improper construction or some want of proper care, or some negligence in the manner of the use.

Appellee relies mainly on: Dennis v. Eckhardt, 3 Grant, 390; Wylie et al. v. Elwood, 134 Ill. 281; First Baptist Church v. Schenectady & T. R. R. Co., 5 Barb. 79; Baltimore & P. R. R. Co. v. Fifth Baptist Church, 108 U. S. 317; Illinois C. R. R. Co. v. Grabill, 50 Ill. 241. A leading case not cited is O. & M. v. Wachter, 123 Ill. 441.

Dennis v. Eckhardt throws no light at all upon any issue involved in the case before us. In Wylie v. Elwood "the deed   *   *   *   did not recite that the strip therein described was conveyed for the purpose of constructing a railroad, or for any purpose connected with the construction or use of a railroad, or for any purpose connected with the preservation, occupation and enjoyment of a railroad. It was a simple conveyance of land in fee simple without any reference to the use to which it was to be applied." In First Baptist Church v. S. & T. R. R. Co., the right of way of the

railroad company was purchased from a stranger to the title through which the church property was held. In B. & P. R. R. Co. v. Fifth Baptist Church, the right of way was granted along a street by legislative act. In I. C. R. R. Co. v. Grabill, the injury was "caused by the negligent, careless and improper manner in which the railroad company kept and maintained a certain cattle pen." And in O. & M. R'y Co. v. Wachter, the injury was caused by the improper and negligent manner in which an embankment was constructed.

Cases between a railroad company and a grantor or condemnee fall in the same class. In such cases the consideration for the grant or the damages assessed on condemnation include, once for all, the full compensation to be paid for any lawful use that fairly falls within the terms of the grant or the specifications of the condemnation. In the absence of improper manner of construction or negligence in the manner of use the only question in such cases is, are the terms of the grant or the purposes specified in the condemnation broad enough to include the uses complained of?

The terms of Cartwright's grant are clearly broad enough to include the right, in appellant, to construct and use, on its right of way, the turntable and switch complained of. C. R. I. & P. R'y Co. v. Smith is a leading Illinois case on this subject.

Appellee's counsel contend that it was not necessary to construct the turntable and switch at that particular place. It is in most cases impossible to draw the line between what is necessary and what is convenient. Few things are absolutely necessary; all things convenient are in a sense necessary. In cases of this character that is sufficiently necessary which is more convenient.

The judgment of the Circuit Court is reversed.