# CASES

DETERMINED IN THE

# FOURTH DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS,

## DURING THE YEAR 1904.

---

### Illinois Central Railroad Company v. Robert L. Dennison.

1. NUISANCE—*what is not.* Where a railroad company is authorized by its charter to construct and maintain its road, and in doing so erects its structures with reasonable skill and care for proper railroad uses, they are not nuisances that can be abated although adjacent property may be thereby damaged.

2. GROWING CROP—*when injury to, does not confer cause of action.* Injury to a growing crop by reason of the lawful maintenance of a railroad structure, does not confer a cause of action upon one who acquired the ownership of the land upon which such crop was growing subsequent to the erection of such structure.

3. PRESCRIPTIVE RIGHT—*when, will defeat cause of action.* The maintenance of a dam and bridge in a particular manner for a period of fifty years confers a prescriptive right and the renovation of such dam and the reconstruction of such bridge in a non-negligent manner will not confer a cause of action in favor of the land owner claimed to have been damaged.

Action on the case for injuries to growing crop. Appeal from the Circuit Court of Jackson County; the Hon. WARREN W. DUNCAN, Judge, presiding. Heard in this court at the February term, 1904. Reversed, with finding of facts. Opinion filed September 9, 1904.

W. W. BARR, for appellant; J. M. DICKINSON, of counsel.

W. A. SCHWARTZ and F. S. FERRELL, for appellee; W. F. ELLIS, of counsel.

(1)

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was was an action in case, in the Circuit Court of Jackson County, by appellee against appellant, to recover for injuries to a growing crop. Trial by jury. Verdict and judgment in favor of appellee for $175.

The declaration avers in substance and effect, that during the year 1900, appellee was lawfully possessed of certain lands, through which a natural course of water known as Drury creek passes; that he had planted and cultivated certain crops in a portion of the land; that in the year 1860, at a point below appellee's land, appellant negligently, improperly and unskillfully filled up the natural bed of the creek, and negligently, improperly and unskillfully cut an artificial channel therefor, and in 1894 in a negligent, improper and unskillful manner built a dam across the channel, and in 1896, negligently, improperly and unskillfully built bridges with abutments, pillars and girders across the creek, and suffered logs and rubbish to gather under the bridges; and "that said cut, dam, bridges, abutments, pillars, girders and accumulation of logs and rubbish under the bridges obstructed the natural flow of the surface water in said creek, and by reason thereof the surface water occasioned by rainfalls and melting snow in the year 1900, was obstructed," held back and caused to overflow and stand upon appellee's land and destroy his crops.

The evidence discloses that the land in question was owned by one J. N. Fitch, and that appellee's interest therein was that of a tenant in possession under a verbal lease. Concerning his interest and possession, appellee testified as follows: "I rented the ground; am a tenant. I give one-fourth rent of the crops I grow. I got the ground for three years, beginning in the fall of 1897. I moved there in 1897; my tenancy began in 1898, for three years. I have held the land continuously from that time to the present. J. N. Fitch is the owner of the land."

The charter under which appellant constructed and operates its road was granted by a public act of the Illinois

legislature in the year 1851, and among other things provides that "said corporation shall have a right of way upon and may appropriate to its sole use and control, for the purposes contemplated herein, land not exceeding 200 feet in width through its entire length; may enter upon and take possession of and use, all and singular, any lands, streams and materials of every kind, for the location of depots, and stopping stages, for the purpose of constructing bridges, dams, embankments, excavations, station grounds, turnouts, engine houses, spoil grounds, shops and other buildings necessary for the construction, operating, altering, maintaining, preserving and complete operation of the road."

Wherever the lands taken were the property of the state, they were granted to appellant by the act, and where they had previously become the property of individuals, power was given by the act to acquire them under the law of eminent domain. The road was constructed about the year 1854, and the record in this case is silent as to whether in 1851, when the charter was granted, or in 1854, when the road was constructed, the land in question belonged to the state, but that question is not material in this case.

The natural bed of the creek was filled up and the channel complained of was cut at the time the road was constructed, and a bridge or bridges were also built at that time. In 1894 appellant constructed the dam, and in 1896 replaced the old bridges with new ones.

The evidence shows that the land in question is low and flat; that from the time the country was first settled to the present time it has been subject to overflow whenever there have been heavy or protracted rains in its vicinity, and that such overflows were very frequent as well before the railroad was built as since. The evidence, in our opinion, does not establish the contention that the filling up of the bed of the creek and the substitution of the artificial channel in lieu of the natural one, as the same was done, contributed either to the frequency, extent or duration of overflows to which this land has been subjected since be-

yond the memory of man. And further with respect to this feature of the case, the evidence establishes the fact that the bed of the creek was filled and the artificial channel cut in connection with the original construction of the road, and maintained substantially as originally constructed up to the time this suit was commenced, being for a period of almost fifty years. It was too late when this suit was commenced to complain of either the fact or manner of construction; a prescriptive right had accrued to maintain these improvements as originally constructed, long before the alleged injury occurred. The dam complained of was constructed in 1894 and the bridges in 1896, and appellee acquired his interest in the land in 1897.

We have twice heretofore had this identical dam and these identical bridges under consideration, in cases in all material respects identical with the case at bar. The cases are I. C. R. R. Co. v. Ferrell, 108 Ill. App. 659, and I. C. R. R. Co. v. Lockard, 112 Ill. App. 423. Where a railroad company is authorized by its charter to construct and maintain its road, and in doing so erects its structures with reasonable skill and care, for proper railroad uses, they are not nuisances that can be abated, although adjacent property may thereby be damaged. Such structures are neither wrongful nor unlawful. In such case if injury results to the property of others, it is a permanent injury and accrues at once upon completion of the structures, to the then owner of the property injured, and does not pass to a subsequent grantee. In I. C. R. R. Co. v. Lockard above cited, we endeavored to make the distinction between permanent and transient injuries, in cases of this character, and to discuss fully the law applicable to each·class.

We are of opinion that the evidence in this case fails to establish the charge that these structures were either negligently, improperly or unskillfully erected. The fact alone that there may be evidence tending to prove that injury resulted from the erection and maintenance of the structures, does not prove nor tend to prove that such structures were so improperly, negligently or unskillfully made, as to

make the injury transient, as contra-distinguished from permanent. Injury is just as much a controlling factor in one class as the other. The question in classifying such cases, is not whether there was injury, because that is a fact alike common to both classes. Nor does the fact alone that the structures could have been built some other way, establish negligence or want of skill, or that they were improperly made. The primary duty is so to construct as to make the structures best subserve all proper uses as constituent parts of the railroad or of its equipment. All else must yield to this so far as reasonably necessary to its accomplishment.

Counsel insist that the dam was not necessary; that the company might have provided wells from which to draw a supply of water for its engines. "Few things are absolutely necessary; all things convenient are in a sense necessary. In cases of this character that is sufficiently necessary which is more convenient." I. C. R. R. Co. v. Anderson, 73 Ill. App. 621.

The charge that appellant negligently suffered logs and rubbish to gather under the bridges is not sustained by the evidence, nor does the evidence tend to prove that the remains of the "gopher dam" and the substitution of a solid for an open girder under the bridge so contributed to the overflow of appellee's land as to contribute materially to and be an efficient cause of the injury to his crops.

The judgment of the Circuit Court is reversed.

*Reversed.*

Finding of facts, to be incorporated in the judgment of the court :

We find as facts that appellant was not guilty of all or any of the negligence charged against it by appellee in his declaration, and that appellee did not sustain the injury and damage alleged in his declaration, or any part thereof, by reason of all or any of the negligence, unskillfulness and improper conduct charged in his declaration. And the court further finds that the structures which it is claimed by appellee caused the injury and damages complained of, were lawfully erected and maintained for proper railroad

uses, and that appellant was not guilty of any negligence, want of skill or other improper conduct in connection with the construction or maintenance of them or any of them; and that appellee acquired all the interest he had in and his possession of the premises in question, after said structures were erected, and that no right of action ever accrued to appellee.