## Nancy Fincher, Appellee, v. The Baltimore & Ohio Southwestern Railroad Company, Appellant.

1. DAMAGES—*where overflow caused by embankment is not permanent.* Where an embankment, which is not permanent in its character and not built under authority of law in a proper and skilful manner, causes overflows, the party injured may recover for all damages to crops or rental value which have been sustained by reason of the embankment on the theory of its being a transient but continuing nuisance, and is not required to recover once for all damages present and prospective.

2. DAMAGES—*where embankment is treated as permanent source of injury.* Where plaintiff treats a defective embankment causing overflows as a permanent source of injury and recovers the full amount of damages, both present and prospective, he will be estopped from bringing a second action.

3. NUISANCE—*separate actions for creation and continuance.* An action may be maintained for the creation of a nuisance and a subsequent action for its continuance.

4. LIMITATIONS—*actions for damage to land from overflow.* Where defendants construct an embankment so defectively that it causes plaintiff's land to be overflowed, each overflow causing damages creates a new cause of action and the statute of limitations runs from the date of the injury and not from the time the embankment was improperly constructed.

5. LIMITATIONS—*where damage covers a period of five years.* Where plaintiff's land is overflowed because defendant's embankment is improperly constructed, the statute of limitations is no defense to an action for damages occasioned during the preceding five years.

6. DAMAGES—*when judgment not excessive.* A judgment for $700 for damage to forty acres of land by overflows during a period of five years is not excessive where the evidence shows that only one crop was raised during that time.

7. APPEALS AND ERRORS—*variance.* A question of variance not raised in the trial court is waived.

Appeal from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 10, 1913.

KRAMER, KRAMER & CAMPBELL, for appellant; EDWARD BARTON, of counsel.

LOUIS KLINGEL and LOUIS P. ZERWECK, for appellee.

Mr. Justice Thompson delivered the opinion of the court.

This suit is in case brought by appellee against appellant, to recover damages alleged to have resulted to her lands, by appellant improperly and unskilfully constructing and maintaining an embankment which she alleges causes water to come unnaturally upon her land and remain there to her injury and damage.

The declaration alleges ownership of the forty acres of land, claimed to have been damaged, in plaintiff, and that she has been owner of same since 1897. That for five years preceding the commencement of this suit said land had been in possession of her tenants under a lease by the terms of which she was to have as rental one-third of all the crops raised thereon.

That on March 24, 1905, the defendant was and still is possessed of a railroad right of way running in an easterly and westerly direction, through the north half of section 25 and 26 in township 2 north range seven west in St. Clair county, Illinois, and that on and subsequent to said date the defendant wrongfully and unlawfully erected and has since maintained a levee embankment of great dimensions, to-wit: of the width of fifty feet, of the height of ten feet and the length of three hundred yards, and that the same was not provided with sufficient openings for the free passage of water.

To the declaration, defendants filed two pleas. The general issue and the statute of limitations.

It appears from the evidence, that the appellee's lands involved in this suit are located in Spring Creek Valley, about two miles north of appellant's right of way. That adjoining appellee's real estate is a natural water course, running in a northerly and southerly direction, commonly called Silver Creek, bounded on each side by a high land or bluffs. In the vicinity of the appellee's lands, this valley is about a mile wide or a little over, and it narrows down from that point towards the south until it reaches the point where it

is crossed by appellant's right of way; where it is 1,800 feet wide. Through this portion of the valley, the creek hugs close to the east bluff, leaving nearly all of the low land on the west side.

The evidence further shows that all the lands in this valley, north of the appellant's right of way and west of the creek have always been subject to overflow during periods of high water. Their highest point is at the creek's bank and their lowest point at or near the west bluff where there is a natural depression or slough, several feet lower than the west bank of the creek. This slough has its origin some distance north of appellee's lands, and in a state of nature, flowed south along the west bank of the bluff and emptied into Silver Creek some distance below appellant's right of way.

It also appears from the evidence that the construction of this new embankment has worked a change of conditions in the valley. In times of flood the embankment holds back the water which comes down the slough on the west and causes it to back up and overflow the lands and remain there until the water from the valley finds its way out through the one opening, in the embankment at Silver Creek. As a consequence the water since the construction of the embankment, remains upon appellee's lands even after the floods have disappeared.

No crop has been raised on appellee's land since the construction of appellant's embankment except in the year 1906, a very dry year when no flood occurred. Their rental value in the meantime has been reduced to practically nothing.

It further appears from the evidence that in 1901 appellant constructed and has maintained the embankment which appellee claims to have been the cause of the damage to her land; that this embankment is about 25 feet high and extends from bluff to bluff with the exception of an opening for Silver Creek, which is 403 feet wide. This embankment forms a solid wall 900

feet long, west of the creek and 500 feet long east of it and completely prevents the waters near the west bluff from flowing southward as they formerly did. They are now required to pass eastward to the opening in the embankment at Silver Creek.

The evidence fairly sustains the contention of the appellee that the construction of the embankment has worked a serious change in the conditions of the land in the valley above. It also appears that the embankment at the slough holds back the water along the west side of the valley and causes the water to back up and over the lands of appellee. The evidence further shows and in their argument counsel for appellant practically admit that the embankment causes the water to rise from a foot and one-half to two feet higher above the embankment and to remain on appellee's land longer than it did before the embankment was constructed, but they seek to avoid the effect thus produced by saying that the fact that the water or a portion of it remains on the farm of appellee for a few days longer than it otherwise would have remained, cannot be said to cause any appreciable additional damage.

Appellant contends, first, that the statute of limitations had run against the action; second, that the judgment was in excess of the actual damages; third, that the evidence in the record is not sufficient to sustain the cause of action.

As to the first point, in cases where the statute of limitations would defeat a recovery, it must appear that the embankment or obstruction was of a permanent nature, authorized by law for lawful purposes and was properly and skilfully constructed. The cases of the Illinois Cent. R. Co. v. Ferrell, 108 Ill. App. 659; Illinois Cent. R. Co. v. Lockard, 112 Ill. App. 423; and Illinois Cent. R. Co. v. Dennison, 116 Ill. App. 1, cited by appellant to sustain its plea of the statute of limitations cannot be regarded as in point under the particular facts appearing in evidence in this case. In

those cases as in all other cases where the statute of limitations has been held to bar a right of recovery where damages are claimed because of an injury occasioned by the building of an embankment, the structure has been of a permanent character. In the Illinois Cent. cases, *supra,* the structure was built for the purpose of impounding water, in fact a dam, and this too under a charter specially authorizing the construction of a dam. In those cases the question of faulty construction could not be considered. In cases however like the one under consideration where the embankment is for the purpose of a road-bed and the embankment so improperly constructed that it obstructs the natural flow of the water and causes it to collect and remain in greater quantities on the land above than it had theretofore, courts have uniformly held that such obstruction may be regarded as a nuisance which may be abated.

It is contended by appellee, and the contention seems to be sustained by proofs, that an opening in the embankment at the west side where the slough formerly passed would have released the water and prevented the injury complained of. In cases of overflow caused by embankments which are not permanent in their character and not built under authority of law in a proper and skilful manner, the party injured may bring suit and recover for all damages to crops or rental value which the proofs show have been sustained by reason of the construction of the embankment on the theory of its being a transient but continuing nuisance, and he is not required to bring his action upon the theory of its being permanent, and recover once for all the damages, present and prospective, that may be so occasioned to the land. In the case at bar the embankment was not built in a proper and skilful manner to avoid the infliction of injury to appellee's land.

In the case of Chicago, B. & Q. R. Co. v. Schaffer, 124 Ill. 112, the court said: "Undoubtedly, if the in-

jured party treats the defective structure as a permanent source of injury and recovers the full amount of damages, both present and prospective, which his property sustains or may sustain by reason of such defective structure, he will be estopped from bringing a second action for damages. But where the railroad company has, as in this case, built an imperfect and faulty bridge over a stream of water crossing its right of way, a party suffering damage therefrom has a right to regard the nuisance as of a transient character, and, instead of bringing one action for the whole injury to the value of his property resulting from the original construction of the nuisance, he may sue for the amount of such injury as he suffers from its continuance. * * * An action may be maintained for the creation of a nuisance, and a subsequent action may be maintained for its continuance. The continuance of that which was originally a nuisance is regarded as a new nuisance, and, although a recovery may be barred upon the original cause, an action on the case may be brought at any time before an entry is barred, to recover such damages as have accrued, by reason of its continuance, within the statutory period." And they cite the case of McConnel v. Kibbe, 29 Ill. 483.

In the case of Ohio & M. R. Co. v. Wachter, 123 Ill. 440, the court said: "This court has never held, nor is it prepared to hold, that a railroad company is not liable for damages resulting from its negligence, either in the construction, maintaining or operating its road. * * * Public health and convenience, as well as the positive law of the state, alike demand that railways leading over natural streams and drains, should, by means of efficient and substantial culverts, or otherwise, be so constructed as to admit the escape of accumulating waters through them, in times of high water as well as low."

The law of this State seems to be very well established that a party injured from the construction of an

embankment, such as is shown by the evidence in this case, may have a cause of action for the recurring injury which he suffers from the continuation of the nuisance. In Ohio & M. R. Co. v. Elliott, 34 Ill. App. 589, the rule is there laid down that the statute of limitations runs from the date of the injury and not from the time the embankment was improperly constructed. In Chicago & A. R. Co. v. Willi, 53 Ill. App. 606, the court said: ''As to the first point it is sufficient to say that both a common law and statutory duty rested upon appellant to so construct and maintain its road bed that the water should flow unobstructed through such road bed, as it freely had done before such construction, so that the land should not be overflowed. This is a continuing duty, and each overflow causing damage to crops, creates a new cause of action.'' Ohio & M. R. Co. v. Wachter, 123 Ill. 443; Ohio & M. R. Co. v. Thillman, 143 Ill. 133; St. Louis, A. & T. H. R. Co. v. Brown, 34 Ill. App. 552.

We cannot therefore agree with appellant that the statute of limitations is a bar to a recovery in this case.

Appellant insists that the verdict and judgment exceeds the actual damages. The verdict in this case was for $700. The period covered by the injury was five years. The evidence showed the rental value of the forty acres to be from $3 to $5 per acre. Such had been the average income for a number of years prior to the construction of the embankment. We cannot say under the evidence in this case that the damage was excessive. Nor can we agree with the appellant in its third contention, that the evidence was not sufficient to sustain the cause of action. There was ample evidence on the part of appellee to sustain the verdict and judgment in this case, and unless this court on review of the evidence could say that the appellee's evidence was overcome by that of the appellant, it would be the duty of this court to affirm the judgment. Appellant relied largely upon the testimony of expert

witnesses to show that the water would not back up on and over appellee's land as testified to by the witnesses for appellee. Theories of expert witnesses, although apparently reasonable, must yield to physical facts. The evidence clearly preponderates in favor of the contention of appellee that more water came upon the appellee's land after the embankment was built than it did before and that it took longer for the water to recede and that only during one year since the construction of the embankment has a crop been raised and that year was an unusually dry year.

It is finally contended by appellant that there is such a variance between the declaration and the proof in this case that the judgment cannot be sustained. The declaration avers that the defendant, "has wrongfully and unlawfully maintained a certain levee and embankment along its right of way on either side of Silver Creek and over the low land and bottom adjoining the same, which embankment is of great dimensions * * * and which was and is without sufficient openings therein to permit the free passage of water and that by reason of the building and maintenance of the solid embankment as above described, the flow of said waters coming naturally upon the plaintiff's said premises from the overflow of said Silver Creek and which ought to and would naturally run off of the plaintiff's said premises and over and along the place occupied by defendant's said embankment has been and is obstructed by said embankment and said water has been and is caused to run and flow in larger quantities upon the plaintiff's said land, and to remain upon said land for a longer period of time than it naturally would," etc. The objection of appellant is directed toward that part of the declaration which avers that the water had been diverted from its natural course, etc.

We are not ready to say under this evidence that there is such a variance. In fact the proofs would seem to sustain that allegation because of the closing up of the channel of the slough and compelling the

water which would naturally have gone through the slough to be diverted and carried several hundred feet eastward to the opening in the embankment for Silver Creek. But, be this as it may, the record fails to show that the appellant made any objections to the testimony on the ground of variance, nor was there any motion to instruct the jury upon that point, nor does it appear that this question was raised on motion for new trial in the court below, and under the repeated rulings of this court such failure to raise the question on the trial court operates as a waiver in the court of review. Lehigh Valley Transp. Co. v. Post Sugar Co., 228 Ill. 121; Linnberg v. City of Rock Island, 136 Ill. App. 501.

From a close inspection of the whole record in this case we find no such errors as would warrant a reversal hereof and the case is therefore affirmed.

*Affirmed.*